**James SOROKA, Appellant,**

v.

**STATE of Alaska, Appellee.**

**Nos. 3624, 3692.**

Supreme Court of Alaska.

July 27, 1979.

John W. Hagey, Asst. Public Defender, Fairbanks, Brian Shortell, Public Defender, Anchorage, for appellant.

Rhonda F. Butterfield, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

BOOCHEVER, Justice.

This case again presents the issue of the propriety of warrantless searches of probationers. *See Gonzales v. State*, 586 P.2d 178 (Alaska 1978); *Roman v. State*, 570 P.2d 1235 (Alaska 1977). James Soroka was given a two-year suspended imposition of sentence on December 3, 1976, after he pled guilty to a charge of receiving and concealing stolen property.[1] He was placed on probation, subject to the standard probationary conditions. On February 6, 1977, Soroka, who was almost twenty-four years old at the time, was contacted by Officer Preshaw of the state troopers, who warned him that he seemed to be falling into the same patterns of associating with juveniles that had gotten him into trouble before.[2] Preshaw told Soroka that he would contact Ronald Murray, Soroka's probation officer, if the patterns continued. According to Preshaw, Soroka admitted during this conversation to a recent possession of cocaine.[3]

Two days later Soroka was seen again with two girls, ages fifteen and sixteen, one of whom had a prior record as a runaway. Preshaw therefore contacted Murray, who decided, based on the information he had received from Preshaw, to come to Delta Junction and search Soroka's residence.

At 6:30 in the morning of February 11, Murray, Preshaw and two other probation officers arrived at the trailer where Soroka was living. They found Soroka there alone. In the living room, in plain view, the officers saw a tray with razor blades and glass tubes, one of which contained a white powder. Field tests revealed this powder to be cocaine. A subsequent search of the trailer turned up a set of current Alaska license plates, which an investigation showed belonged to a recently stolen automobile.

Soroka was indicted for receiving and concealing the stolen vehicle. The state also petitioned to revoke his probation for the first stolen property conviction. His motion to suppress the fruits of the February 11 search was denied. Soroka then entered a no contest plea to the new stolen property charge, reserving his right to appeal the search and seizure issue.[4] Judge Van Hoomissen ordered his probation revoked. On August 25, 1977, Judge Blair sentenced Soroka to two years on the new charge, such sentence to run consecutively to any sentence imposed in the probation revocation proceedings. On September 12, Judge Van Hoomissen sentenced him to two years on the original charge. Soroka has appealed, claiming that the license plates and evidence gained as a result of their seizure should have been suppressed in both proceedings and that the two-year sentence imposed after revocation was excessive.

### A. Search and Seizure

We find no error in Judge Blair's denial of the suppression motion, as we conclude

---

1. A violation of AS 11.20.350.

2. The property which was the subject of Soroka's conviction had been stolen by a juvenile residing with him.

3. He admitted to possessing the drug about two months prior to the conversation, but denied any cocaine use since that time.

4. Pursuant to *Cooksey v. State*, 524 P.2d 1251, 1255–57 (Alaska 1974). The plea here predated *Oveson v. Anchorage*, 574 P.2d 801, 803 n. 4 (Alaska 1978), which otherwise would preclude our consideration of this search and seizure issue.

that the warrantless search at issue here was based on probable cause and was conducted for the valid purpose of ascertaining whether Soroka was violating the conditions of his probation.

▮▮ We must begin our discussion by noting that this search was not made pursuant to Soroka's conditions of probation, as those conditions only required that he submit to requests by correctional officers to search his person. Therefore, the probation officers had to establish probable cause for their search in order that it be held valid.[5] *Roman v. State*, 570 P.2d at 1244 n. 29. Although there was insufficient probable cause to search,[6] the initial entry into the trailer was justifiable as a visit.[7] Once the officers were inside, their discovery of cocaine in plain view furnished the requisite probable cause to seize the contraband and to search other areas of the trailer.[8] Hence, the license plates seized in the trailer and the other evidence consequently discovered were properly admitted. The conviction

and the probation revocation are both affirmed.[9]

## B. Sentence

▮ We find that the two-year sentence imposed by Judge Van Hoomissen after revoking Soroka's probation must be vacated, and the case remanded for resentencing. The judge stated that he was basing his sentence only on the first offense and the probation violation. The first offense involved concealing property which was stolen by a juvenile and left with Soroka at his mobile home.[10] The judge, in imposing sentence upon revocation of probation, did not discuss the nature of the original offense or the criteria to be considered in sentencing set forth in *State v. Chaney*, 477 P.2d 441 (Alaska 1970). Nor did the court enunciate the priority and relationship of these factors. *Nicholas v. State*, 477 P.2d 447 (Alaska 1970). As far as can be ascertained from the record, the court considered only the fact that probation was violated.

5. If the conditions of Soroka's probation had extended to searches on demand of his residence, no showing of probable cause would have been necessary. *State v. Montgomery*, 115 Ariz. 583, 566 P.2d 1329 (1977); *People v. Mason*, 5 Cal.3d 759, 97 Cal.Rptr. 302, 488 P.2d 630 (1971), *cert. denied*, 405 U.S. 1016, 92 S.Ct. 1289, 31 L.Ed.2d 478 (1972); *State v. Schlosser*, 202 N.W.2d 136 (N.D.1972). Searches authorized in connection with grants of probation or parole may be executed without the need for additional justification, as long as they are reasonably conducted and not made for purposes of harassment. *Roman v. State*, 570 P.2d at 1242 and n. 19. Since *Roman* held prospectively that parole searches must be authorized under the parole conditions specified by the Parole Board, our discussion here of probable cause concerns only pre-*Roman* searches not authorized either by the Parole Board, or in the case of probationers, by the sentencing judge.

6. Soroka's association with juveniles clearly did not furnish probable cause to indicate any breach of his probation conditions, and his admission of cocaine use was stale by the time of the search. Murray's decision to search was largely based on his mistaken belief that Soroka had admitted very recent possession of the drug.

7. While we would not ordinarily countenance such visits at 6:30 a. m., the purpose of this

visit, to discover whether Soroka was harboring juveniles overnight, required an early hour.

8. Had Soroka not been a probationer, or had this search occurred after the date of the *Roman* decision, the discovery of the cocaine would not have justified an immediate search of other areas of the trailer, but would simply have supplied the basis for obtaining a warrant. *State v. Spietz*, 531 P.2d 521, 524 n. 11 (Alaska 1975).

9. Soroka has argued that the search was instigated by Trooper Preshaw and was made solely for law enforcement purposes, and hence the seized evidence was inadmissible in the criminal proceedings under *State v. Sears*, 553 P.2d 907, 914 (Alaska 1976). Specifically, he contends that Preshaw intentionally distorted Soroka's admission of cocaine use when Preshaw spoke with Murray, *see* note 6, *supra*, to persuade Murray to search Soroka's trailer. We find nothing in the record to justify this claim, or to show that anyone other than Probation Officer Murray made the decision to search.

10. The indictment describes the property as a Litton microwave oven, a Sony eight-track tape player, a Sharp digital calculator, a black eight-track carrying case, a woman's false fur parka, and a white alarm clock.

The record before us is inadequate to determine whether the judge was clearly mistaken in imposing the sentence,[11] and we accordingly remand for resentencing.

The conviction in No. 3624 is affirmed. The probation revocation in No. 3692 is also affirmed, but the sentence imposed is vacated, and the case is remanded for resentencing.

BURKE and MATTHEWS, JJ., dissent from the remand for resentencing because they believe that the trial judge adequately explained his reasons for imposing the sentence and that it is not excessive.

---

11. *McClain v. State*, 519 P.2d 811 (Alaska 1974).

