**Byron CHARLES, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4492.**

Supreme Court of Alaska.

Feb. 21, 1980.

---

Richard Yospin, Asst. Public Defender, Ketchikan, Brian Shortell, Public Defender, Anchorage, for appellant.

Michael A. Thompson, Asst. Dist. Atty., Ketchikan, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

BURKE, Justice.

This is a sentence appeal. *See* Rule 21, Alaska R.App.P.; AS 12.55.120; *State v. Chaney*, 477 P.2d 441 (Alaska 1970).

Appellant Byron Charles pled guilty to three counts of forgery. The superior court imposed a five year sentence on each count, to be served concurrently.[1] On July 2, 1976, after Charles applied for a modification of his sentence, the court amended its judgment by suspending the execution of a two year portion of the sentence on each count[2] and recommending that Charles serve one-third of his sentence of imprisonment before being eligible for parole.[3] Charles was never paroled, but was released on probation after three years of imprisonment, less accrued good time.

On September 18, 1978, a petition to revoke Charles' probation was filed. After a hearing on the allegations contained in the petition, the superior court ordered that Charles' probation be revoked and that the previously suspended two-year portion of his sentence be executed, with the recommendation that he not be considered for parole while serving the balance of his term.[4]

1. Forgery is punishable by imprisonment by not less than one nor more than twenty years. AS 11.25.020.

2. AS 12.55.080 provides:
   *Suspension of sentence and probation.* Upon entering a judgment of conviction of a crime, or at any time within 60 days from the date of entry of that judgment of conviction, a court, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution or balance of the sentence or a portion thereof, and place the defendant on probation for a period and upon the terms and conditions as the court considers best.

3. AS 33.15.230(a)(1) provides:
   *Fixing eligibility for parole at time of sentencing.* (a) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may
   (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner is eligible for parole, which term shall be at least one-third of the maximum sentence imposed by the court

   . . .

4. The written order revoking probation and commitment, dated November 17, 1978, did not mention the recommendation against parole. However, where there is a conflict between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement controls. *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974).

In this appeal Charles challenges the court's action on two grounds. His first argument is that the court's judgment was fashioned without due regard to the goals of sentencing set forth in *State v. Chaney*, 477 P.2d 441 (Alaska 1970), and that the sanction imposed was excessive. He claims that in light of his problems with alcohol abuse, the court's failure to make any provision for enrolling him in an alcohol treatment program ignored a major goal of sentencing: rehabilitation. Our review of the record indicates that this argument is totally without merit. The trial court did consider the question of Charles' rehabilitation, ordering execution of the balance of his sentence only after noting Charles' failure to participate in or complete any of the rehabilitation programs previously offered him. Nor can we say that the sanction imposed was excessive. As a result of his having violated the terms and conditions of his probation, the court was empowered to impose the previously suspended term. *Jackson v. State*, 541 P.2d 23, 26 (Alaska 1975). In light of appellant's conduct during his probationary period, the trial court was not clearly mistaken in requiring that the full two years be served.[5] Therefore, with respect to appellant's first contention, we conclude that the trial court did not err in its imposition of sentence. *McClain v. State*, 519 P.2d 811 (Alaska 1974).

Appellant's second argument is that when the trial court ordered him to serve the two years which were previously suspended, *and recommended that he not be eligible for parole*, his sentence was in effect increased and he was twice placed in jeopardy for the same offense.[6] In support of this argument, he cites *Faulkner v. State*, 445 P.2d 815 (Alaska 1968), where, a short time after a sentence was imposed, the superior court modified its sentence to require the defendant to serve at least five years of imprisonment before becoming eligible for parole. Prior to the modification Faulkner would have been eligible for parole at the discretion of the parole board. *Id.* at 819. We held that this action violated the constitutional prohibition against double jeopardy, since "[t]he effect of the amendment was to increase the severity of the appellant's sentence." *Id.* at 820.

*Faulkner*, we believe, is distinguishable. In *Faulkner* the judge *ordered* that the defendant serve a certain amount of his sentence before becoming eligible for parole. In the instant case there was only a *recommendation* to that effect. In *Shagloak v. State*, 582 P.2d 1034 (Alaska 1978), we noted the difference:

> Sentencing courts may either recommend or order a limitation on parole eligibility at the time of sentencing, or they may say nothing about the matter. A sentence embodying a recommendation that the Division of Corrections not grant parole until a specific portion of the sentence is served is not binding on the parole board, although it may be considered relevant by the board. An order, however, must be followed by the parole board in its determination of a prisoner's eligibility for parole.

582 P.2d at 1038. Thus, we can conclude that there was no violation of Charles' right against double jeopardy.

AFFIRMED.

---

5. At the probation revocation hearing, evidence was presented that Charles had been charged with joyriding and destruction of property, that he had possessed a weapon illegally, and that he had left the state without first seeking permission from his probation officer.

6. Both the fifth amendment to the United States Constitution, and article I, § 9 of the Alaska Constitution protect an individual from being twice placed in jeopardy for the same offense.