**Frank SHEARER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5014.**

Supreme Court of Alaska.

Nov. 21, 1980.

James D. Oswald, Asst. Public Defender, and Brian Shortell, Public Defender, Anchorage, for appellant.

James V. Gould, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

PER CURIAM.

Frank Shearer, armed with a .45 calibre revolver, together with another man who carried a knife, forcibly entered a house in Anchorage at 9:45 p. m. on April 16, 1979. They threatened the man who lived there and he told them where his money was located. One of the robbers got the money and then started to tie up the victim. As Frank Shearer went out the front door, he was met with rifle fire from the home of a neighbor who had been alerted by the robbery victim's wife. The victim's wife had been in the house and escaped undetected when the robbers entered. Shearer returned the gunfire and fled the scene, but no one was wounded by the gunfire.

Shearer was convicted of robbery and was sentenced to eight years in prison. At sentencing, his probation on two prior heroin sale convictions from 1974 and 1975 was revoked. The previously suspended sentences, ten years for each offense, were imposed in full. All three sentences were to run concurrently.

Shearer appeals the two ten–year terms; the eight–year term is not challenged.

■ Shearer argues that the sentences imposed in the probation revocation proceeding must be reviewed without consideration of his misdeeds since the original sentence. This is a frivolous contention.[1] See Charles v. State, 606 P.2d 390 (Alaska 1980).

We will not review Shearer's sentences by the same method that we might have used had he been given ten years to serve on each conviction in 1974 and 1975, and if he had then appealed those sentences.[2] Rather, we assess the propriety of the subsequent imposition of the full ten–year terms which were previously suspended as it now appears in light of all of the information in the current record.[3]

Shearer is, according to a presentence report, "the product of a highly disorganized, chaotic, and dysfunctional family unit." He spent a portion of his childhood in foster homes when his alcoholic parents were unable or unwilling to care for him. He began abusing drugs at an early age and was a heroin addict at age 19. He is now 26.

The robbery conviction was his fifth felony conviction.[4] Prior to the probation revocation stemming from the robbery, he had made good progress as a probationer from the earlier convictions. He had curtailed his previously extensive drug abuse, although he remained an alcohol abuser.

1. Shagloak v. State, 597 P.2d 142 (Alaska 1979) is distinguished on its very complicated facts. In this case Shearer is not being resentenced; nor is his sentence being increased. He is merely being ordered to serve the sentence originally imposed but suspended. In Shagloak, a sentence of five years was imposed after a guilty verdict where only a two–year sentence had been imposed when Shagloak originally pled guilty, but subsequently changed his plea and was tried. There we were concerned about the chilling effect on a person's exercise of his freedom to enter or withdraw a plea if there was a danger that on retrial a heavier sentence would be imposed. See American Bar Association Project on Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures § 38 (Approved Draft, 1968).

2. The time allowed by Appellate Rule 21(b) for an appeal of the propriety of the original ten–year sentences has long since run. However, revocation of Shearer's probation and imposition of the full term previously suspended is a "sentence of imprisonment" within the meaning of AS 12.55.120(a) and this court accordingly has jurisdiction to review whether reimposition of the full ten–year terms was excessive. Gilligan v. State, 560 P.2d 17, 19 (Alaska 1977).

3. See American Bar Association Project on Standards for Criminal Justice, Standards Relating to Probation §§ 5.1, 5.4(a), and Commentary at 57, 65 (Approved Draft 1970).

4. In addition to the drug and robbery charges, Shearer has been convicted of carrying a concealed weapon and grand larceny.

Shearer's apparent prior success as a probationer came to an abrupt halt with his participation in this highly dangerous offense, which involved an armed intrusion into a private residence. On the current record there are ample grounds for the trial court's conclusion that Shearer is a danger to society who must be isolated from it for a lengthy period and that rehabilitation need not be given priority as a sentencing goal.[5] We cannot say the superior court was clearly mistaken in imposing the full terms previously suspended. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

AFFIRMED.

BOOCHEVER, J., not participating.

---

5. While rehabilitation must be considered in every case, it need not be given the first priority. *See Ahwinona v. State*, 598 P.2d 73, 75 (Alaska 1979); *Bailey v. State*, 548 P.2d 373, 375 (Alaska 1976).