**David Lee KANIPE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4993.**

Supreme Court of Alaska.

Dec. 5, 1980.

James D. Oswald, Asst. Public Defender and Brian Shortell, Public Defender, Anchorage, for appellant.

Eugene P. Murphy, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

CONNOR, Justice.

At about 6:00 a. m. on August 18, 1978, David Kanipe and a companion threw some rocks through the display window of a jewelry store on Fourth Avenue in downtown

Anchorage. They reached in and helped themselves to some baubles and were arrested a few minutes latter. Kanipe was drunk at the time.

Kanipe pled guilty to burglary not in a dwelling,[1] and on May 4, 1979, was given a suspended imposition of sentence. Among the conditions of probation was a requirement that Kanipe complete a residential alcohol rehabilitation program at an Anchorage facility. Kanipe failed to complete the program and that condition of probation was deleted after a probation revocation hearing on June 19, 1979. Kanipe gave his probation officer a false address, and disappeared. Another petition to revoke was filed based on his failure to report. This time, probation was revoked, and the court imposed a four–year sentence.

Kanipe has appealed the sentence.

At the probation revocation hearing, Kanipe admitted the allegations of the petition. He explained that he had left the alcohol rehabilitation facility because he felt it was geared to older persons and he found the group counselling sessions were, therefore, inadequate.[2] He claims to have contacted his probation officer to explain this, and found her unresponsive. He stated that he gave a false address to his probation officer because at the time the information was requested he had no place of his own.

Testimony at the revocation hearing established that Kanipe was observed carrying a concealed revolver in downtown Anchorage on August 8, 1979, while awaiting his second probation revocation hearing. Kanipe explained that the gun belonged to a friend and that he had been in the process of attempting to sell it for the friend when the observation was made.[3] The court recognized that the underlying offense was not particularly severe, although "serious." The court felt that Kanipe's failure to abide by the probation requirements justified the imposition of time to serve, particularly in light of the gun–carrying incident.

■ We review sentences for excessiveness based upon the nature of the offense, the character of the offender, and the need for protecting the public. See State v. Chaney, 477 P.2d 441 (Alaska 1970). When a sentence is imposed following probation revocation, the sentencing judge must consider the same criteria as those considered initially upon conviction of the underlying offense. See Soroka v. State, 598 P.2d 69, 71–72 (Alaska 1979); American Bar Association Project on Standards for Criminal Justice, Standards Relating to Probation, § 5.1 at 58 (Approved Draft 1970). Imposition of jail time is not necessarily called for simply because the express terms of probation have been violated. Soroka, 598 P.2d at 71–72; see Holton v. State, 602 P.2d 1228, 1240 (Alaska 1979); Trumbly v. State, 515 P.2d 707, 709 (Alaska 1973); cf. Charles v. State, 606 P.2d 390, 392 (Alaska 1980).

The primary responsibility for ordering the priorities among the various sentencing purposes lies with the sentencing judge. See e. g., Asitonia v. State, 508 P.2d 1023, 1025 n.4 (Alaska 1973).

■■ We cannot say that the court was clearly mistaken in determining that Ka-

---

1. See former AS 11.20.100. Under the penal code in effect until January 1, 1980, the maximum authorized sentence was five years. Burglary not in a dwelling has been reclassified in AS 11.46.310.

2. Kanipe stated:
   "Well, Your Honor, I didn't–I didn't–I don't see how I could have been expected to identify with people who are at the very least, you know, people who are old enough to be my father and my mother. They're not–I'm not–they're not dealing on the same level as I am, not dealing with the same problems. I wasn't getting along with anybody there just because I didn't have anything to say in the groups because they weren't discussing what I was–where I was at so instead of asking me what's the problem, you know, they was telling you're not participating in groups, they was putting a lot of pressure on. I don't know what they expected out of me but whatever it was I just wasn't up to giving it to them."

3. The officer who saw the gun testified it was loaded, but Kanipe denied this. The point was not clearly established one way or the other.

nipe's conduct warranted incarceration.[4] The court was rightly concerned for protection of the public. We are persuaded, however, that the four–year term imposed was, in view of the nature of the offense[5] and the character of the offender,[6] clearly mistaken.[7] The sentence is reversed and the case remanded for resentencing, not to exceed two years to serve.[8]

REVERSED and REMANDED.

BURKE, J., dissents, with whom MATTHEWS, J., joins.

BOOCHEVER, J., not participating.

BURKE, Justice, with whom MATTHEWS, Justice, joins, dissenting.

Given Kanipe's conduct while on probation, I am not convinced that the superior court's decision to impose a four year sentence was clearly mistaken. Accordingly, I would affirm the sentence. *McClain v. State*, 519 P.2d 811 (Alaska 1974).

4. The court's view evidently was that the carrying of a handgun was sufficiently serious to warrant a sentence less oriented towards rehabilitation and more oriented towards isolation. *Cf. Trumbly v. State*, 515 P.2d 707, 709 (Alaska 1973).

5. This was a "technical" burglary, with no actual entrance into the premises. The premises were a closed commercial establishment, the amount of property taken was small, and the crime was the product of a spur of the moment action by two inebriated individuals. Under the new criminal code, there is no presumptive term for second degree burglars convicted of their first felony. *See* AS 11.46.310; AS 12.55.-125(e). For carrying a firearm, a convicted felon is subject to a presumptive sentence of two years. *See* AS 11.61.200(a)(1), (f); AS 12.55.125(e)(1).

6. Kanipe was nineteen at the time of the offense. His family background is chaotic, and he has had several minor scrapes with the law, largely for alcohol–related misdemeanor offenses. He has a serious drinking problem. At the time his probation was revoked, Kanipe had obtained a grant from the Cook Inlet Native Association to cover the cost of continuing his education as an electronics technician, a field in which he had received some training in the military. He was planning to begin classes that fall.

Mr. Justice Matthews has authorized me to state that he joins in my dissent.

7. Kanipe's underlying problem is clearly has abuse of alcohol, and the focus of correctional activity should be on attempting to reduce his dependence on that drug. A four–year term will, under the current Division of Corrections policy, make Kanipe ineligible for incarceration at the state's primary facility for nonviolent alcohol–abusing offenders. In *Ahvik v. State*, 613 P.2d 1252 (Alaska 1980), we reversed a five–year sentence for rape and recommended a five–year sentence with two years suspended so that the defendant would be eligible for the Palmer Correctional Center with its emphasis on rehabilitation programs.

8. There was recommendation for an "intensive outpatient program" by the Anchorage Alcohol Safety Action Program at the time of the initial sentencing. The court should consider whether such a program, coupled with periodic confinement and probationary release for attendance at a vocational education program is an appropriate alternative to incarceration, in view of Kanipe's previous failure in, and evident resistance to, residential alcohol counselling. We encourage the courts and the counsel to look beyond the alternatives of incarceration and ordinary probation for creative solutions to the difficult correctional problems posed by the alcohol abusing offender. *Perrin v. State*, 543 P.2d 413, 416 (Alaska 1975); *see Chase v. State*, 479 P.2d 337 (Alaska 1971).