**Barry NIX, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4879.**

Court of Appeals of Alaska.

March 5, 1981.

---

Joseph A. Kalamarides and Michael J. Lindeman, Eckert, Kalamarides & Associates, Anchorage, for appellant.

Eugene B. Cyrus, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

PER CURIAM.

Barry Nix appeals a seven year sentence imposed in 1979 following revocation of his probation on a conviction in 1976, for burglary in a dwelling.[1] The sentence was ordered to run consecutively to sentences imposed on felony convictions for concealing stolen property and for burglary.[2] These crimes occurred while Nix was on probation for the 1976 conviction.

---

1. *See* former AS 11.20.080. This conduct is currently made criminal by AS 11.46.300, .310. Upon Nix's conviction in 1976, imposition of sentence was suspended pursuant to AS 12.55.-085 and Nix was placed on probation.

2. Nix was sentenced by Judge Lewis to three years for concealing stolen property and one year for petty larceny, to be served concurrently, on July 9, 1979. The seven year term in this case was imposed by Judge Carlson on July 24, 1979. On October 31, 1979, Judge Moody sentenced Nix to two terms of ten years, consecutive to each other and to the existing terms for his conviction on two counts of burglary in a dwelling. One of the ten year terms was suspended; the suspended term was later discharged by Judge Moody on double jeopardy grounds. It was Judge Carlson's intent that his seven year sentence run consecutive to Judge Lewis' sentence and the sentence or sentences thereafter to be imposed by Judge Moody. The felony convictions imposed by Judge Moody were recently reversed and the sentences vacated in *Nix v. State*, 624 P.2d 823 (Alaska App., 1981).

Nix argues first that the sentence is illegal because it increases the sentence allegedly imposed at the time of the burglary in 1976. When imposition of sentence is suspended pursuant to AS 12.55.085 and probation is granted, if given cause to revoke that probation the court can impose any sentence authorized by AS 11.20.080, i. e. one to ten years. AS 12.55.085(c).

Nix's next claim is that a seven year sentence is excessive, because he was a first-time adult offender in 1976 and the probation revocation petition leading to the seven year term alleged only minor violations.[3] This argument is based on the premise that only the original crime and the particular violations of probation cited as reasons for revoking it are proper consider-ations at the disposition hearing. The court was, however, authorized to consider relevant verified information that transpired since the original sentencing.[4]

Nix has been shown to be a dangerous criminal for whom a lengthy prison term is justified.[5] We therefore modify the sentence to strike any reference to the burglary conviction and consequent sentence by Judge Moody and, as modified, AFFIRM the sentence.

---

3. The probation revocation petition was based upon allegations that in 1978 Nix had failed to keep his probation officer informed of his whereabouts and had been convicted of careless driving.

4. The disposition when probation is revoked should be based on consideration of all relevant matters, including the probationer's original crime, his intervening conduct, and the violations of probation. *See* ABA Project on Standards for Criminal Justice, Standards Relating to Probation §§ 5.1, 5.4(a), commentary at 66–67 (Approved Draft 1970); *Kanipe v. State*, 620 P.2d 678 (Alaska 1980); *see generally Charles*

*v. State*, 606 P.2d 390 (Alaska 1980); *Holton v. State*, 602 P.2d 1228 (Alaska 1979); *Preston v. State*, 583 P.2d 787, 788 (Alaska 1979).

5. While prison terms should not exceed five years except for particularly serious offenses, dangerous offenders, and professional criminals, *see Donlun v. State*, 527 P.2d 472, 475 (Alaska 1974), the record supports a finding that Nix is a dangerous offender. This justifies a total sentence of ten years, which is within the maximum sentence prescribed for burglary in a dwelling at the time of Nix's original conviction. AS 11.20.080, n.1 *supra*.