**Vernon BURRELL, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5313.**

Court of Appeals of Alaska.

April 16, 1981.

---

Lyle R. Carlson, Fairbanks, for appellant.

Bill D. Murphree, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

PER CURIAM.

Vernon Burrell appeals from a decision to revoke his probation and to sentence him on

11 counts of obtaining money by false pretenses, for which he originally received a suspended imposition of sentence in 1976. He raises three issues.

Burrell contends, first, that his probation had expired before the incident alleged as the basis of the petition to revoke his probation. For this argument Burrell relies chiefly upon the written Order Suspending Imposition of Sentence and Providing for Probation, dated May 5, 1976, which provided that:

the imposition of sentence be suspended for a period of five years, and the defendant is placed on probation . . . for a period of two years . . . . [T]he period of probation herein expires on April 8, 1978.[1]

However, in orally pronouncing sentence, the judge clearly put appellant on probation for the full five years of his suspended imposition of sentence. At Burrell's original sentencing, the judge stated:

The sentence of the court will be a suspended imposition of sentence for a 5 year period. That'll be conditioned upon a number of things: First will be that Mr. Burrell is on formal probation for the first 2 years; informal probation for the 3 years following that . . . . Anytime during this 5 year period, I can bring you in and sentence you.

■ Where, as here, there is a conflict between the written order of probation and the oral pronouncement of sentence, the latter ordinarily controls. *Whittlesey v. State*, 626 P.2d 1066 (Alaska, 1980); *Charles v. State*, 606 P.2d 390, 391 n.4 (Alaska 1980); *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974). See Alaska R.Crim.P. 32(a), 38(a). Even where, as here, the later, written sentencing order is more lenient, the supreme court has held to the position that the oral pronouncement controls. For example, in *Charles v. State*, 606 P.2d at 391 n.4, the judge orally recommenced against parole, but the written

judgment did not contain this recommendation; the oral judgment was held to control.

■ The statute governing suspended imposition of sentencing, AS 12.55.085, provides an independent basis for the court's terminating probation at any point during the period of the suspended imposition of sentence if the probationer engages in criminal practices.[2] See *Holton v. State*, 602 P.2d 1228, 1238 n.18 (Alaska 1979).

■ Burrell's second claim is that his due process rights were violated because the judge revoked his probation for an offense other than that specified in the petition to revoke probation.

■ Constitutional due process does require that a probationer accused of violating a condition of his probation receive prior notice of the charges against him and that he be given an opportunity to meet and refute the charges. *Martin v. State*, 517 P.2d 1399, 1402 (Alaska 1974); see also *Holton v. State*, 602 P.2d at 1238 (Alaska 1979). In this case Burrell received prior notice of the condition of probation allegedly violated; the revocation petition charged him with a violation of condition 11, which required him to "[r]efrain from violating any . . . law." *Holton's* requirement that the state prove a violation of a specific condition of probation was thus at least minimally met. The petition also generally gave notice of the transaction forming the basis for the charge, the mishandling of David and Joanne Bell's tax refund checks. The particulars of time, place, and specific checks were furnished. Burrell was misled, however, to the extent that the petition specified that his mishandling amounted to a violation of former AS 11.25.020(1) (forgery),[3] whereas at the hearing the state proved that the mishandling violated former AS 11.25.020(2) (uttering a forged instrument) and former AS 11.20.360 (obtain-

---

1. The petition to revoke probation was based on allegations that appellant had committed a crime in October, 1978.

2. Burrell does not dispute that the suspended imposition of sentence was for five years.

3. Although the petition specified only "AS 11.-25.020," it obviously referred to subsection (1).

ing money by false pretenses). The actual forgery by Burrell was not proved.

Assuming that there was constitutional error in the failure to notify Burrell accurately of the exact conduct and the precise criminal code sections allegedly violated, the decision to revoke probation should not be reversed if the error was harmless beyond a reasonable doubt. *Martin v. State*, 517 P.2d at 1402; *Evans v. State*, 550 P.2d 830, 840 (Alaska 1976).

Burrell has not specified how he might have defended himself at the revocation hearing if he had been aware at the outset that three code sections would be involved. The primary thrust of his defense to the forgery allegations, as indicated by Burrell's opening statement and cross-examination of state witnesses,[4] was that he had no intent to defraud; if believed by the judge, this would have been a good defense under all three code sections.

Here, the judge several times offered Burrell a continuance to locate witnesses and prepare a defense to the new charges. It was made clear that Burrell would be free to call new witnesses or to recall and reexamine witnesses produced by the state. After being given time to discuss the matter with his client, Burrell's counsel declined the continuance. Even then the judge left Burrell the option of coming back to court at any time prior to the disposition hearing if he decided to present more evidence or reopen areas already explored. Burrell never availed himself of this opportunity.

The offered continuance negated any prejudice to Burrell from the lack of prior notice of the criminal code sections allegedly violated by his conduct.[5] We believe that the court's proposed continuance in this situation amounted to an alternative which was the substantive equivalent to *de novo* revocation proceedings upon a properly amended petition. Burrell's refusal to accept the offered continuance was a voluntary and calculated strategic decision on his part, made with advice of counsel. Under these circumstances the error in failing to notify Burrell of the precise charges which would be proved against him was harmless beyond a reasonable doubt.

 Burrell's final contention is that there was insufficient evidence to support the judge's finding that he violated a term of his probation. Burrell failed to include this point in his statement of points on appeal, so we will not consider it unless we find plain error. *Moreau v. State*, 588 P.2d 275, 279–80 (Alaska 1978); Alaska R.App.P. 210(e). The state's burden is to establish a probation violation by a preponderance of the evidence. *Holton v. State*, 602 P.2d 1228, 1238 (Alaska 1979). Upon scrutiny of the record, we conclude that there was no plain error in the trial court's finding that Burrell had committed the crimes of uttering a forged document and obtaining money by false pretenses.

AFFIRMED.

**4.** Burrell did not testify in his own behalf or present witnesses.

**5.** Burrell has failed to make any showing of how he would have been prejudiced by accepting, in lieu of a full *de novo* revocation hearing upon an amended petition, the continuance offered by the court, with its broad provisions for introducing new evidence and reexamining prior witnesses. We further note that the evidence which formed the basis for the court's findings was introduced without objection by Burrell. This is not a case where Burrell, rely-ing on the limited scope of the allegations, either testified or produced evidence which was exculpatory as to the forgery but inculpatory as to other violations. Burrell's obvious strategy in response to the state's failure to prove the forgery allegation was to present no defense at all. Accordingly it is difficult to see how Burrell's position would have been less favorable had he accepted the continuance offered by the court than it would have been had the court required *de novo* proceedings based upon an amended petition.