**John GILBERT, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–650.**

Court of Appeals of Alaska.

Sept. 27, 1985.

Venable Vermont, Jr., Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

William Ingaldson, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

BRYNER, Chief Judge.

In this case John Gilbert appeals, challenging as excessive a sentencing order entered by Superior Court Judge Ralph E. Moody upon revocation of Gilbert's probation. The order imposed the full unserved portion of Gilbert's original sentence of five years with four years suspended. Because we find that the trial court did not adequately consider the applicable sentencing criteria, we vacate the sentence and remand for resentencing.

Gilbert was originally convicted on January 19, 1979, of two counts of assault with a dangerous weapon.[1] The convictions resulted from an incident in Bethel in which Gilbert, after a prolonged bout of drinking, fired six shots from a pistol into a house occupied by two people. At the time, Gilbert was forty-four years of age and had no prior felony convictions. He had been convicted as an adult of only two minor misdemeanors, one a theft-related offense and one for driving while intoxicated. Superior Court Judge Gerald J. Van Hoomissen sentenced Gilbert to a term of five years in prison with four years suspended and required Gilbert to complete a four-year period of probation as a condition of the suspended portion of the sentence.

Gilbert was released from prison on October 17, 1979, after serving the one-year unsuspended portion of the original sentence. Upon release, however, he failed to maintain contact with his probation officer and could not be located. On August 12, 1980, he was arrested in Anchorage for shoplifting. As a result of the shoplifting charge and Gilbert's failure to report, Judge Van Hoomissen revoked one additional year of Gilbert's suspended sentence, leaving three years of suspended time remaining.

When Gilbert completed service of the additional year of jail time, he was reinstated on probation in Bethel and required to participate in a residential alcohol rehabilitation program. Although he apparently made considerable progress, Gilbert left the program without notice on March 14, 1982, just before entering its final phase. Thereafter, he again failed to report to his probation officer and contact was again lost. A new petition to revoke probation was filed on December 22, 1982.

Gilbert's whereabouts remained unknown until almost one year later, when he was arrested in Anchorage on another shoplifting charge on December 16, 1983. Following his arrest, Gilbert was arraigned on the outstanding probation revocation petition. He eventually admitted its allegations and a sentencing hearing was held before Superior Court Judge Ralph E. Moody on June 22, 1984.

At the hearing, the prosecution indicated that although Gilbert clearly was not amenable to probationary supervision, the case probably did not merit imposition of the full remaining three-year suspended sentence, since the conduct involved in Gilbert's probation violation was not particularly serious. Gilbert's counsel echoed the state's view. Although he acknowledged that Gilbert was a poor probationer, Gilbert's counsel emphasized that Gilbert had apparently conquered his alcohol abuse problem and had refrained from consuming alcohol for more than three years.[2] Because Gilbert had already been incarcerated for six months awaiting disposition of the probation revocation action, his counsel urged Judge Moody to impose a sentence equal to the amount of time Gilbert had served.

Judge Moody declined to follow the recommendations of either the prosecution or the defense. He elected instead to require Gilbert to serve the remaining three-year suspended portion of his sentence. The

---

1. Former AS 11.15.220. The offenses were punishable by maximum terms of ten years. *Id.*

2. We note, however, a letter from the Treatment Alternatives to Street Crimes Program, which performed an evaluation on Gilbert for sentenc-

ing purposes, noted that Gilbert had admitted recent experimentation with cocaine. No determination was made of the extent or duration of his cocaine use or of whether that use was continuing at the time of sentencing.

judge's sentencing remarks were as follows:

THE COURT: Well, Mr. Gilbert, maybe my perception's wrong but I do perceive that you're a reasonably smart man. That you've chosen the way you're going to live, that nobody's going to change it.

\*　　\*　　\*　　\*　　\*　　\*

The way that you live just keeps you on the threshold of committing crime or violating societal norms. And I think the record indicates this. You've done nothing serious. And it may be that I would not give you this sentence now, but I think that we should get it out of this portion of the justice system. I'm going to leave it up to the parole board just what they do. If they want to turn you loose, fine. Maybe somebody else will take another look at it. But I think we've looked at it enough. We've given you all the breaks in the world. You've not conformed. It is therefore the judgment of the court that you're committed to serve the balance of the unserved sentence in this matter. You'll be eligible for parole at the discretion of the parole board.

■ It is evident from these remarks that Judge Moody's sentencing decision was based wholly on the conclusion that Gilbert had violated the conditions of his probation and showed little promise for future success as a probationer. The judge gave virtually no consideration to the nature of Gilbert's original crime or to the seriousness of the conduct that led to the revocation of Gilbert's probation. Nor did Judge Moody explain his sentence in terms of the *Chaney* criteria.[3] This, we believe, was error.

The holding of the Alaska Supreme Court in *Kanipe v. State*, 620 P.2d 678, 679 (Alaska 1980), is apt:

We review sentences for excessiveness based upon the nature of the offense, the character of the offender, and the need

for protecting the public. *State v. Chaney*, 477 P.2d 441 (Alaska 1970). When a sentence is imposed following probation revocation, the sentencing judge must consider the same criteria as those considered initially upon conviction of the underlying offense. *See Soroka v. State*, 598 P.2d 69, 71–72 (Alaska 1979); American Bar Association Project on Standards for Criminal Justice, Standards Relating to Probation, § 5.1 at 58 (Approved Draft 1970). Imposition of jail time is not necessarily called for simply because the express terms of probation have been violated. *Soroka*, 598 P.2d at 71–72; *see Holton v. State*, 602 P.2d 1228, 1240 (Alaska 1979); *Trumbly v. State*, 515 P.2d 707, 709 (Alaska 1973); *cf. Charles v. State*, 606 P.2d 390, 392 (Alaska 1980).

■ Gilbert's probation revocation sentence should have been based on all of the information currently available, and not simply on his lack of success as a probationer. *See Shearer v. State*, 619 P.2d 726, 727 (Alaska 1980). Admittedly, Gilbert's original offense was serious. His subsequent inability to comply with the requirements of formal probation undoubtedly warrants revocation of probation and imposition of some portion of his previously suspended sentence. Yet the appropriateness of a full five-year sentence for his crime is far from clear.

A significant period of time has elapsed since Gilbert's 1979 convictions without any serious criminal misconduct on Gilbert's part. The record does not indicate that Gilbert suffers from a continuing problem with alcohol abuse, and there is little to support a conclusion that he poses any ongoing danger of assaultive conduct such as that involved in the 1979 charges.

■ We find that the sentencing court's failure to address these considerations precludes effective appellate review and requires a remand for resentencing. Given the inadequacy of the current record, we are unable to express an opinion as to

---

3. *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970).

whether, upon remand, a five-year unsuspended sentence would necessarily be clearly mistaken. *See Soroka v. State*, 598 P.2d 69, 71–72 (Alaska 1979) (remanding a case for resentencing on a probation violation without addressing the issue of excessiveness where the appealed sentence had been imposed without considering the nature of the original offense and was evidently based solely on the fact that the defendant had committed a probation violation).

The sentence is VACATED, and this case is REMANDED for resentencing.