Christian H. WITT, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1577.

Court of Appeals of Alaska.

Sept. 26, 1986.

Charles R. Pengilly, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Kenneth S. Roosa, Asst. Dist. Atty., and Harry L. Davis, Dist. Atty., Fairbanks, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

On October 22, 1981, Christian H. Witt was convicted, following his plea of no contest, of two counts of third-degree assault, a violation of AS 11.41.220. Superior Court Judge Gerald J. Van Hoomissen sentenced Witt to concurrent five year terms, with three and one-half years suspended. After being released on probation, Witt violated the terms of his probation by committing a number of offenses. He was convicted of first-degree burglary, disor-

derly conduct, two incidents of driving while intoxicated, and driving while license revoked. Judge Van Hoomissen subsequently revoked Witt's probation, reimposed the suspended three and one-half years, and resuspended two and a half of those, giving Witt another year to serve. The probation revocation brought Witt's sentences on the assault charges to a total of two and one-half years to serve. Witt appeals this sentence as excessive. Witt argues that the two and one-half year sentence exceeds the sentence prescribed for a second felony offender, which is the maximum allowed under *Austin v. State*, 627 P.2d 657 (Alaska App.1981), for a first felony offender.

■ Third-degree assault is a class C felony. AS 11.41.220(b). The presumptive sentence for a class C felony second felony offender is two years. AS 12.55.125(e)(1). In the absence of exceptional circumstances, a first felony offender should receive a more favorable sentence than a presumptive sentence for a second offender. *Austin v. State*, 627 P.2d 657 (Alaska App. 1981). In evaluating whether a sentence violates the *Austin* rule, we give primary consideration to the non-suspended portion of the sentence. *Tazruk v. State*, 655 P.2d 788 (Alaska App.1982). However, in the event that the suspended portion of a defendant's sentence is later imposed, it would be combined with the original non-suspended sentence to calculate the total period of incarceration in ascertaining whether the *Austin* rule has been violated. *See Tazruk v. State*, 655 P.2d at 789. Here, Witt's period of incarceration totals two and one-half years, which is six months longer than the maximum allowed under *Austin*, assuming no exceptional circumstances.

■ Witt's original offense was not found to be particularly aggravated and would not have justified an initial imposition of a sentence exceeding the *Austin* limits. *See Leuch v. State*, 633 P.2d 1006 (Alaska 1981). In the case of a probation revocation, however, the sentencing court is not restricted to a consideration of the original offense. It must base its sentence on both the original offense and the defendant's conduct since the original sentence was imposed. *Gilbert v. State*, 706 P.2d 345 (Alaska App.1985).

■ In this case, between the time of Witt's initial sentencing and the probation revocation sentencing, Witt was convicted of first-degree burglary, disorderly conduct, two incidents of driving while intoxicated, and driving while license revoked. From this, it may be reasonably inferred that Witt has not been rehabilitated and that, unless a substantial sentence of incarceration is imposed, he will continue to pose a significant danger of reoffending. The facts surrounding Witt's probation revocation, when considered in conjunction with Witt's initial assault offenses, could properly be considered by the sentencing court as extraordinary circumstances justifying departure from the *Austin* rule.

Having independently reviewed the entire sentencing record, we conclude that the sentence imposed was not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.