William E. CROUSE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1800.

Court of Appeals of Alaska.

May 8, 1987.

---

Sen K. Tan, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Clark T. Stirling, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

In this case, we are asked to establish standards governing the imposition of a previously suspended sentence where a defendant's conduct makes it clear that he cannot be rehabilitated on probation.

William Crouse was convicted upon his plea of *nolo contendere* of: burglary in the first degree, AS 11.46.300(a)(1); forgery in the third degree, AS 11.46.510(a)(1); and, criminal mischief in the second degree, AS 11.46.482(a)(4). The three cases were consolidated for sentencing. On August 20, 1982, Superior Court Judge Ralph E. Moody suspended imposition of sentence for five years in each case, and apparently made the suspensions run concurrently. As conditions of probation, Crouse was required, *inter alia*, to serve two years, to be monitored by the Treatment Against Street Crime (TASC) program, and to comply with all laws. Crouse served his time and was released on probation.

In April 1984, the state petitioned for revocation of Crouse's probation for failing to comply with TASC monitoring. Crouse admitted to the allegations in the petition, and on June 19, 1984, Judge Moody amended the order suspending imposition of sentence to maintain the original conditions, but required Crouse to serve an additional six months at the Glennwood Center.

Crouse apparently enrolled in the Glennwood Center, but on July 11, 1984, was discharged for violating a condition of the program. The state immediately filed a second petition to revoke Crouse's probation, alleging that he had been arrested by the Municipality of Anchorage on charges of assault and battery, destruction of property, and shoplifting, and as a consequence had been terminated from the Glennwood Center. On August 16, 1984, Crouse admitted to the allegations in the petition. Judge Moody ordered an updated presentence report.

On September 18, 1984, Judge Moody sentenced Crouse to the maximum terms of ten years for burglary in the first degree, five years for criminal mischief in the sec-

ond degree, and one year for forgery in the third degree. Each sentence was to run consecutively for a total of sixteen years to serve. Judge Moody suspended twelve of the sixteen years. Since Judge Moody apparently intended for Crouse to serve four years from September 1984, in addition to any time he had previously served, Judge Moody ordered that Crouse not receive credit for the time already served.

Crouse appealed, arguing that the sentence was excessive and illegal. The state conceded that Crouse should receive credit for time served but argued that the sentence was otherwise appropriate. We reversed. We concluded that Crouse's background and the circumstances of his various offenses, including the acts which led to the revocation of his probation, would not justify a sentence which exceeded ten years with six years suspended, and that Crouse should receive credit for all time that he had actually served against the four years of actual incarceration. *Crouse v. State*, Memorandum Opinion and Judgment No. 830 (Alaska App., May 8, 1985).

On remand, Judge Moody had retired and Superior Court Judge James A. Hanson substituted as sentencing judge. Judge Hanson followed the mandate of this court and sentenced Crouse to ten years with six years suspended and allowed Crouse credit for all time served, including any time he spent at the Glennwood Center.[1] Crouse served his time and was released on probation. Crouse again violated the conditions of his probation, committed additional crimes, and failed to report regularly to his probation officer. In fact, Crouse left the state for a substantial period of time.

Crouse was apprehended on unrelated charges, and the state petitioned to revoke his probation. The assigned probation officer, Kurt Polhemus, furnished the court with a letter, dated September 18, 1986, in lieu of an updated presentence report. In his letter, Polhemus pointed out that Crouse was currently charged with a number of traffic violations and with miscon-

duct involving a controlled substance in the fourth degree, a class C felony. AS 11.71.-040. In addition, Polhemus indicated that he had verified information that Crouse had been involved in credit-card fraud and had threatened to kill a potential witness to a car theft, in order to discourage that witness from testifying. Polhemus summarized his conclusions as follows:

These proceedings represent the third occasion in which Mr. Crouse has appeared on a probation revocation. During each period of supervised probation, Mr. Crouse has demonstrated an unwillingness to comply with the conditions imposed by the Court and/or committed new criminal violations. In the most recent example, Mr. Crouse absconded from supervision after approximately four months and was not located again until his arrest on August 22, 1986. Additionally, the level of Mr. Crouse's criminal activity in the last month alone, fairly clearly suggests that he has no intention of complying with the conditions of supervision and further, that supervision itself is no deterrent against continued criminal conduct. Therefore, it is respectfully recommended that William Crouse be ordered to serve the balance of his suspended sentence in confinement and that parole eligibility be restricted.

Crouse appeared before Superior Court Judge Victor D. Carlson on October 3, 1986, to be sentenced. Polhemus was not present. Lonzo Henderson, a former probation officer of Crouse's, was, however, present. Henderson alluded to the fact that Crouse appeared to expect to serve the entire six-year term previously suspended, and that Polhemus had recommended that Crouse should not be considered eligible for parole. Henderson indicated that he thought Crouse should be eligible for parole and that supervision should be transferred to the state of Washington where Crouse wished to settle. Henderson concluded:

I don't see Mr. Crouse as making it on probation. He's tried it time and time

---

1. Crouse was sentenced to ten years with six years suspended on the burglary charge. He

received lesser, concurrent sentences on the other two charges.

again, and it's just not worked. Maybe with him wanting to have his supervision transferred to another state, if that is in fact what he wants, maybe he'll strive to get it this time.

In his allocution, Crouse conceded that he knew that he had acted wrongly in leaving the state and in failing to report to his probation officer. He stated that he no longer wanted to be on probation. Apparently, he wished to do flat-time on any sentence imposed so that he could return to Washington and live with his sister. In his sentencing remarks, Judge Carlson stated:

> Thank you. Mr. Crouse, I don't like the underlying tone of what I hear, that you've sort of given up. See, it's very important to try hard, and I sort of hear you saying that you don't care, and you're too young to have that attitude. I find that, of course, you violated your conditions of probation. I find that it appears that at this time, you're not amenable to parole—or to probation supervision. And therefore, the remaining time which you have hanging over your head is imposed.... I do not withdraw your right to apply for parole. And recommend that you be reviewed for parole when you're eligible. I think you should grab a hold of your life so that when you're twenty-six or twenty-seven you can get out of prison instead of being inside for a couple more years after that. You're too young, it's too big a waste of your life, and for society, for you to be sitting around in jail. Nevertheless, at this time, I don't think that you would make it on probation and therefore I'm going to impose the remainder of the time, and recommend that you be eligible for parole. You may appeal on the basis that this sentence is too harsh, nothing further. You're remanded to custody.

## DISCUSSION

We are frequently required to review composite sentences in which part of the sentence is suspended. Both the suspended portion of the sentence and the portion actually imposed must be considered in determining whether a sentence is excessive,

but primary attention is given to the non-suspended time. *See State v. Graybill,* 695 P.2d 725, 730–31 (Alaska 1985). In effect, we postpone primary attention to the suspended time until it is actually imposed. Consequently, the fact that we have sustained a total sentence with a substantial part suspended, does not mean that we will sustain imposition of the suspended portion at a later time based solely on a showing that the defendant has failed to comply with the conditions of probation.

Crouse argues that his sentence is excessive. In order to rule on Crouse's claim, we must review his total sentence. We must consider not only the suspended portion of his sentence, which is now imposed, but also the original nonsuspended sentence which he has already served. *See, e.g., Witt v. State,* 725 P.2d 723, 724 (Alaska App.1986). Crouse has, ultimately, received the maximum ten-year sentence for his most serious prior offense, burglary in the first degree, a class B felony. AS 11.46.300(a)(1); AS 12.55.125(d). For purposes of this sentence, Crouse is a first-felony offender. Other things being equal, he should therefore receive a more favorable sentence than either the four-year presumptive sentence for a second-felony offender or the six-year presumptive sentence for a third-felony offender. AS 12.-55.125(d)(1), (2); *Austin v. State,* 627 P.2d 657 (Alaska App.1981). He should not receive a maximum sentence unless he is properly classified as a worst offender. *State v. Wortham,* 537 P.2d 1117, 1120 (Alaska 1975).

Crouse's allocution, coupled with the written comments of his current probation officer and the oral testimony of his former probation officer, clearly support a finding that Crouse cannot be expected to benefit from probation; the trial court was justified in imposing a sentence that does not include further suspended time. *Cf. Leuch v. State,* 633 P.2d 1006, 1010–11 (Alaska 1981) (absent affirmative reasons to the contrary, a sentence not involving confinement is preferable). Conclusive evidence that a defendant cannot abide by conditions of probation, does not, standing alone, warrant imposition of a total sentence exceed-

ing the *Austin* limits. *See, e.g., Gilbert v. State,* 706 P.2d 345 (Alaska App.1985).

In *Gilbert,* we held that despite conclusive evidence that the defendant could not benefit from probation, the trial court still had to justify any sentence imposed by reference to the *Chaney* criteria. *Gilbert,* 706 P.2d at 347–48; *see also State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970). Certainly, the court can consider intervening conduct, and the circumstances of the original offense, as well as the defendant's background and experience as they existed at the time of the original sentencing. *Witt,* 725 P.2d at 724.[2] However, the total sentence must nevertheless be justifiable when compared to sentences received by similar defendants committing similar crimes. *See* AS 12.55.005(1).

In the instant case, the trial court did not discuss the *Chaney* criteria or apply them to Crouse's situation. The court did not consider sentences typically imposed upon burglary offenders with records comparable to Crouse's, nor did it consider sentences imposed upon those whose conduct on probation was similar to Crouse's subsequent criminal behavior. Consequently, we must remand for resentencing. *Gilbert,* 706 P.2d at 347–48.

The state apparently recognizes that the trial court did not justify the sentence imposed in its sentencing remarks. The state essentially argues that because Crouse is clearly a "worst offender," he should receive a maximum sentence as a matter of law. *See State v. Wortham,* 537 P.2d 1117 (Alaska 1975). The state contends that the circumstances surrounding Crouse's initial offense, coupled with his consistent failures on probation and his failure to learn from almost four years of incarceration, establish that he is incapable of deterrence or rehabilitation, and require that his sen-

tence reflect an emphasis on isolation. *See State v. Graybill,* 695 P.2d 725 (Alaska 1985).

We need not address the argument that Crouse is a worst offender since it was not relied upon by the trial court below. The trial court did not specifically find that Crouse did anything more than fail to report and leave the state. Had the court found, based on verified information, that Crouse had committed new felonies while on probation, a worst offender finding might be sustainable. If the trial court on remand reimposes the six-year sentence, it should first justify its action with regard to the *Chaney* criteria and give consideration to sentences received by those convicted of similar crimes under similar circumstances with similar backgrounds. *See, e.g., Edwards v. State,* 733 P.2d 1063 (Alaska App. 1987); *West v. State,* 727 P.2d 1 (Alaska App.1986); *Parker v. State,* 714 P.2d 802 (Alaska App.1986); *Wood v. State,* 712 P.2d 420 (Alaska App.1986); *Tate v. State,* 711 P.2d 536 (Alaska App.1985).

The sentence of the superior court is VACATED and this case is REMANDED for resentencing.

---

2. In *Witt,* we considered the probation revocation of one who committed serious offenses while on probation. We concluded that a series of felony and misdemeanor convictions, occurring subsequent to the grant of probation, permitted the trial court to revoke probation and impose a total sentence, including time previously served, equal to six months longer than the maximum allowed under *Austin.* In so doing, we concluded that the intervening criminal

conduct constituted the kind of extraordinary circumstances which justify a departure from *Austin.*

In his letter to the court, Polhemus made passing reference to additional crimes which Crouse may have committed while on probation. Crouse was not requested to admit or deny those allegations, and the trial court made no specific findings regarding them.