William J. TONEY, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2914.

Court of Appeals of Alaska.

Jan. 26, 1990.

Susan Orlansky, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Samuel D. Adams, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

BRYNER, Chief Judge.

William J. Toney was convicted after pleading no contest to one count of robbery in the second degree, a class B felony. Superior Court Judge S.J. Buckalew, Jr., sentenced Toney to four years in prison with three years and three months suspended. After serving the unsuspended portion of the term, Toney was released on probation in June of 1988. On September 19, 1988, the state petitioned to revoke Toney's probation, alleging that he had violated the conditions of probation by using controlled substances and missing an appointment for drug testing.

The petition was subsequently amended to add additional similar allegations, as well as an allegation that Toney had been found in possession of drug paraphernalia containing traces of cocaine. On January 30, 1989, Superior Court Judge Mark C. Rowland revoked Toney's probation and imposed the previously suspended portion of the sentence. Toney appeals, contending that the sentence is excessive. We affirm.

■ The sentencing court cannot automatically reinstate all previously suspended jail time when a probationer violates the conditions of probation. The court must instead consider all available sentencing evidence, including information concerning the defendant's background, the seriousness of the original offense, the nature of the defendant's conduct while on probation, and the seriousness of the violations that led to the revocation. *See, e.g., Luepke v. State*, 765 P.2d 988, 990–91 (Alaska App. 1988); *Crouse v. State*, 736 P.2d 783, 787 (Alaska App.1987). As in all other sentencing proceedings, relevant information must be evaluated in light of the sentencing criteria articulated in *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970). *See Crouse*, 736 P.2d at 787.

■ Because a sentence imposed upon revocation of probation constitutes punishment for the defendant's original offense, the length of the sentence ultimately imposed must be appropriate to the nature and circumstances of the original offense. *See Gilbert v. State*, 706 P.2d 345, 347 (Alaska App.1985). However, a defendant's poor performance on probation may constitute an exceptional circumstance justifying imposition of a sentence that would not have been appropriate in the first instance. *See Witt v. State*, 725 P.2d 723, 724 (Alaska App.1986).

In the present case, at the time of the original offense, Toney was twenty-eight years old. Although he had no prior felony record, he had three misdemeanor convictions and an extensive traffic record. Toney was convicted of robbery in the second degree, a class B felony. His actual conduct, however, verged on first-degree robbery, since, in committing the offense, he represented that he was armed with a gun. Thus, when viewed as a second-degree robbery, Toney's offense must be deemed serious.

Although Toney spent only several months on probation, his performance was consistently poor. Toney repeatedly abused cocaine and missed appointments for drug testing. On one occasion, he was apprehended by the police while in possession of drug paraphernalia and traces of cocaine. He failed to inform his probation officer of this incident and of another inci-

dent in which he was arrested for shoplifting.

Although Toney denied any involvement with illicit drugs when originally convicted, it now appears that he has a substantial cocaine problem. Toney has shown no inclination to address this problem. When referred by his probation officer to the Clitheroe Center for treatment, Toney denied any problem, acted manipulatively, and was resistant to treatment.

In deciding to impose the balance of the suspended term, Judge Rowland was aware of the seriousness of the original offense and of its apparent drug-related nature. The judge concluded from the unrefuted evidence of Toney's persistent drug abuse and his persistent denial of any problem that Toney's prospects for rehabilitation were not favorable. Judge Rowland further concluded that, until Toney was ready to acknowledge his problem and accept treatment, he would continue to pose a danger to the community.

In our view, the sentencing court's findings are supported by the record. While Toney's offense originally might not have been sufficiently serious to merit a four-year unsuspended term, given Toney's poor performance on probation, we believe that a total term of four years was not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.