Donald L. **WOZNIAK**, Appellant,

v.

**STATE of Alaska, Appellee.**

No. 3589.

Supreme Court of Alaska.

Oct. 13, 1978.

---

Carol Johnson, Birch, Horton, Bittner & Monroe, Anchorage, for appellant.

Charles M. Merriner, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

On September 22, 1975, Donald Wozniak was convicted after pleading guilty to the crime of burglary not in a dwelling in violation of AS 11.20.100.[1] He was sentenced to three years imprisonment with two and one-half years suspended. In imposing this sentence, Judge Singleton signed a Judgment and Order of Commitment which did not state that Wozniak would be subject to probation supervision following his six months imprisonment. On February 17, 1976, after a motion of the state, Judge Singleton executed an Amended Judgment which specified that Wozniak must abide by twelve general conditions of probation.

On the basis of an incident of check forgery, the state moved to revoke Wozniak's probation. On October 15, 1976, the superior court revoked probation and Wozniak was returned to jail. An application for post-conviction relief was denied on July 12, 1977. Wozniak appeals from this denial of post-conviction relief, contending that the amended judgment of February 17, 1976, was an illegal sentence and therefore Judge Singleton did not have the power to reinstate the suspended two and one-half years.

After reviewing the record in this case, we are convinced that the denial of the application for post-conviction relief should be affirmed, and we need not reach the question of the propriety of the amended judgment. The legislature has provided for a procedure to revoke suspended sentences in AS 12.55.110.[2] Under that statute, to revoke a suspended sentence requires a showing of "good cause." *Trumbly v. State,* 515 P.2d 707, 709 (Alaska 1973). A violation of a particular specified condition of probation need not be shown in order to reinstate the suspended portion of a sentence. The forgery incident was sufficient "good cause" for the court to revoke the sentence earlier suspended.

The reinstatement of the two and one-half year suspended sentence is AFFIRMED.

1. AS 11.20.100 states:
   *Burglary not in dwelling house.* A person who breaks and enters a building within the curtilage of a dwelling house but not forming a part of it, or who breaks and enters a building or part of it, or a booth, tent, railway car, vessel, boat, or other structure or erection in which property is kept, with intent to steal or to commit a felony in it, is guilty of burglary, and upon conviction is punishable by imprisonment in the penitentiary for not less than two nor more than five years.

2. AS 12.55.110 provides:
   *Notice and grounds for revocation of suspension.* When sentence has been suspended, it shall not be revoked except for good cause shown. In all proceedings for the revocation of a suspended sentence, the defendant is entitled to reasonable notice and the right to be represented by counsel.