**Nicholas L. NOTARO, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4727.**

Supreme Court of Alaska.

April 4, 1980.

David C. Backstrom, Deputy Public Defender, Fairbanks, Brian Shortell, Public Defender, Anchorage, for appellant.

Steven J. Call, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

On September 22, 1978, Nicholas Notaro was returning to his home in Healy after a brief hospitalization in Fairbanks. He was driving his car; his wife was the only passenger. On the drive, Vicki Notaro told her husband that she planned to leave him. He drove off the highway to an isolated gravel pit north of Nenana, where he shot her to death. He hid her body in some brush where it was discovered on October 15, 1978. When questioned, Notaro first indicated that his wife had left him to return to Montana and that he had subsequently seen her there. He later confessed to killing his wife.

He was initially charged with first degree murder, but pled guilty, prior to trial, to a charge of manslaughter. He appeals his sentence of fifteen years in prison.

Notaro lacks a prior criminal record and there are other favorable aspects to his background, but the crime was an extreme one within the class of manslaughter.[1] In sentencing Notaro, the court emphasized the goals of reaffirmation of societal norms and deterrence of others from like conduct.[2] The sentence was not excessive. Nonetheless, we are of the opinion that it should be modified to include a recommendation that Notaro be provided with psychological counseling.[3] The sentence is affirmed as modified, and the case remanded for entry of a modified judgment.

1. In extreme cases, one may be a worst offender for sentencing purposes because of the nature of the crime, despite having a relatively favorable background. *See Saganna v. State*, 594 P.2d 69, 70 (Alaska 1979); *Wilson v. State*, 582 P.2d 154, 156 (Alaska 1978); *Burleson v. State*, 543 P.2d 1195, 1201 (Alaska 1975). *But see Chappel v. State*, 592 P.2d 1218, 1221 n.5 (Alaska 1979).

2. *See State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970).

3. We reach this conclusion through our independent review of the record in this case. The record describes a 31-year old man with no criminal record who served in the military in Southeast Asia. He is characterized as moody and as repressive of his emotions. We believe the reformative and protective goals of sentencing, in the facts of this particular case, require close examination of the sources of Notaro's sudden act of violence in order to minimize the possibility that Notaro will become a recidivist.