**Bill J. BRYANT, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5019.**

Supreme Court of Alaska.

Feb. 6, 1981.

Christopher E. Zimmerman and Richard D. Burke, Fairbanks, for appellant.

Steven J. Call, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BURKE and MATTHEWS, JJ.

OPINION

BURKE, Justice.

This is a sentence appeal, authorized by AS 12.55.120 and filed pursuant to former Rule 21, Alaska R.App.P. Appellant, Bill J. Bryant contends that his thirty-five year sentence for second degree murder is excessive.[1] According to Bryant, the superior court misapplied the sentencing standards

---

1. Bryant was convicted and sentenced under former AS 11.15.030. That section authorized

the superior court to impose a sentence of "not less than 15 years to life." At the present time, second degree murder is punishable by imprisonment for a term of "at least five years but not more than 99 years." AS 12.55.125(b).

set forth in *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970), placing undue emphasis on the nature of the offense and too little emphasis on his potential for rehabilitation. *See* Alaska Const. art. I, § 12; Erwin, *Five Years of Sentence Review in Alaska*, 5 U.C.L.A.—Alaska L.Rev. 1 (1975).

The murder took place in Fairbanks, Alaska, on June 6, 1979. The victim, Marion Wheat, along with his wife, Sharon, and five of their eight children, lived in a house owned by Bryant. The Wheats occupied the premises under the terms of a lease-purchase agreement. Bryant, however, still lived in one of the bedrooms of the house.

Difficulties arose between the Wheats and Bryant with respect to the lease-purchase agreement. As a result, the Wheats sought and obtained a temporary restraining order barring Bryant from the house and enjoining him from interfering with their use and enjoyment of the premises. Bryant was personally served with a copy of the restraining order, outside the house, at approximately 7:15 p. m. on June 5, 1979. Shortly thereafter Bryant left to have dinner with friends.

After several hours of drinking, Bryant returned to the house at approximately 3:00 a. m. on June 6, 1979. In violation of the terms of the restraining order, he entered the house and went to his room. He armed himself with a .22 caliber revolver, then went to the bedroom where Marion and Sharon Wheat were sleeping with their fifteen month old son, Chris. The four other Wheat children were asleep in adjoining bedrooms.

With his revolver pointed toward Marion and Sharon Wheat, Bryant stood at the foot of their bed and called to them. Marion Wheat awoke, jumped from the bed and grabbed a .38 caliber revolver from the top of a nearby dresser. A fight ensued, during which one or two shots were fired. Eventually, the Wheats were able to push Bryant out of their room, slamming the door behind him.

Judy Wheat, age 16, was awakened by the shots in her parents' bedroom. While they were struggling with Bryant, she ran into the room and removed the baby, Chris, to a position of safety. Judy then went to the kitchen where she attempted to call the police. After he was pushed from the Wheats' bedroom, Bryant walked to the kitchen and jerked the phone cord out of the wall.

Sharon Wheat left the bedroom and also went to the kitchen to talk to Bryant, hoping to convince him to calm down. Bryant, however, shoved her aside, saying he was going to "get" her husband. He then returned to the Wheats' bedroom where Marion Wheat was talking to the police dispatcher.

When Bryant walked into the bedroom, Marion Wheat put the phone down and an exchange of gunfire took place. Sharon Wheat arrived in time to see her husband mortally wounded by a bullet that penetrated and destroyed the apex of his heart. After firing the fatal shot, Bryant continued firing until his revolver was empty. Marion Wheat was struck by two other bullets.

■ At trial and in his statement to the probation officer that prepared the presentence report, Bryant claimed that he shot Wheat in self-defense. The jury and the sentencing judge properly rejected this argument. *See Gray v. State*, 463 P.2d 897, 907–10 (Alaska 1970).

■ The author of the presentence report recommended life imprisonment. The superior court did not disagree with that recommendation but chose, instead, to impose a sentence of thirty-five years. Contrary to Bryant's argument, we are convinced that the superior court carefully reviewed and applied the sentencing criteria articulated by this court in *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970), and its progeny. Moreover, the record fails to persuade us that the superior court was clearly mistaken as to the length of its sentence. Thus, under our well established standard of re-

view, we are required to affirm that sentence. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

Bryant, a retired army captain, was thirty-nine years of age at the time of the offense. He served two tours of duty in Viet Nam, earning the Bronze Star and several army commendation medals for "meritorious service." According to all indications, he is generally reliable and a good worker. His only prior criminal conviction was one for operating a motor vehicle while under the influence of intoxicating liquor. In short, his past record is one that bodes well for his prospects for rehabilitation, although he does have a history of alcohol abuse.

The fact remains, however, that Bryant committed a brutal and senseless crime. Marion Wheat was an innocent victim. When Bryant entered the Wheats' bedroom, he violated the sanctity of their home and their right to privacy in the greatest degree possible. Marion Wheat was where he had a right to be and entitled to the full protection of the law. Tragically, that protection proved to be woefully inadequate.

This court has repeatedly held that "violent crimes involving physical injury to innocent people are to be regarded as our most serious offenses and are not to be treated lightly." *Ahwinona v. State*, 598 P.2d 73, 77 (Alaska 1979) (footnote omitted). The fact that Bryant had no prior criminal record does not require otherwise. *Id.* at 77 n.16; *Wilson v. State*, 582 P.2d 154, 156 (Alaska 1978).

Bryant's thirty-five year sentence is AFFIRMED.[2]

COMPTON, J., not participating.

---

**2.** We do note that Bryant's sentence contains no provisions for psychological counseling. The court's judgment should be amended to include an explicit provision to that effect. *See Notaro v. State*, 608 P.2d 769, 770 & n.3 (Alaska 1980).