**Vaughn R. KIMBRELL, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5944.**

Court of Appeals of Alaska.

July 9, 1982.

Allan Beiswenger, Asst. Public Defender, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.

James L. Hanley, Asst. Dist. Atty., Thomas M. Wardell, Dist. Atty., Kenai, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

At about 1:15 a.m. on May 23, 1980, Wilho ("Bill") Kuoppola, a well-known and well-liked sixty-three-year-old homesteader in the North Kenai area was awakened when his dog started barking. He went to the doorway of his home, and as he exited, four or five twelve-gauge trap-load shots were fired in quick succession in Kuoppola's direction from a distance of about thirty-seven feet. At least one of the shots hit Kuoppola, who was hospitalized for three to five weeks for injuries to the upper and lower torso, groin and legs. One leg in particular stayed stiff from the injuries, so that Kuoppola found it difficult or impossible to operate equipment and milk cows, as he had been accustomed to doing on his farm.

Police investigation of the shooting ultimately led to the conclusion that it had been perpetrated by nineteen-year-old Vaughn R. Kimbrell, a resident of the North Kenai area since 1967. Despite some evidence that Kimbrell had recently wrecked his motorcycle by hitting a tree trunk that had been placed across the trail by Kuoppola, and despite indications that, on the night of the crime, Kimbrell had been intoxicated and had mentioned the possibility of seeking revenge, no clear motive or explanation for Kuoppola's shooting was ever developed, and Kimbrell consistently denied any recollection of the offense.

Kimbrell was initially indicted for first-degree assault; this indictment was dismissed because of the use of inadmissible hearsay before the grand jury. On the advice of his attorney, Kimbrell then entered into an agreement with the prosecution to plead no contest to an information charging him with second-degree assault, a

class B felony.[1] As a class B felony, Kimbrell's assault was punishable by a maximum term of ten years' imprisonment. AS 12.-55.125(d). Since the offense was Kimbrell's first felony conviction, presumptive sentencing did not apply to his case, and there was no minimum sentence that was required to be imposed. *Id.*

Sentencing occurred before Superior Court Judge James A. Hanson on March 13, 1981. Evidence presented at the sentencing hearing indicated that Kimbrell might suffer from a mild character disorder, that he had recently experienced increasing behavioral difficulties, including a conviction for joyriding, and that he was developing a serious problem with alcohol abuse. Nevertheless, Kimbrell was clearly not psychotic and had no serious psychological difficulty; his psychiatric evaluation concluded that the crime he had committed was, in all likelihood, situational in nature, rather than being reflective of an on-going character disorder. Overall, as expressly recognized by Judge Hanson, Kimbrell's prior record did not show a history of serious crime.

In spite of Kimbrell's youth, his relatively favorable psychological profile and his lack of a serious prior criminal record, Judge Hanson imposed a near-maximum sentence of ten years' imprisonment, with three years suspended on condition that Kimbrell satisfactorily complete a five-year period of probation.[2] Although, upon imposing this sentence, Judge Hanson made reference to the *Chaney* sentencing factors,[3] it is apparent from a reading of the judge's remarks that he placed primary emphasis on the conclusion that a number of aggravating factors would have applied to Kimbrell's case had it fallen under the presumptive sentencing provisions of AS 12.55.155.[4] The judge determined that the statutory aggravating factors that would have been applicable if the case had been subject to presumptive sentencing would include: (1) that a person sustained physical injury as a direct result of Kimbrell's conduct, (2) that Kimbrell's conduct during the commission of the offense manifested deliberate cruelty to another person, (3) that Kimbrell employed a dangerous instrument in furtherance of the offense, and (4) that Kimbrell knew or should have known that his victim was vulnerable, both because of his advanced age and because the offense was committed at nighttime. *See* AS 12.55.-155(c)(1), (2), (4), and (5). Judge Hanson concluded that these aggravating factors would warrant a sentence well beyond the presumptive sentence of four years that would have applied under AS 12.55.125(d) if Kimbrell's case had been a second felony conviction.

After being sentenced, Kimbrell brought this appeal, in which he asserts that the

1. Kimbrell was convicted under AS 11.41.-210(a)(3), which, at the time of his offense, provided in part:

   (a) A person commits the crime of assault in the second degree if

   . . . .

   (3) he recklessly causes serious physical injury to another person by means of a dangerous instrument.

   Shortly after Kimbrell committed his crime, the legislature amended AS 11.41.210, redefining second-degree assault; however, subparagraph (3) of AS 11.41.210(a), the provision under which Kimbrell was charged, remained unchanged. *See* § 4 ch. 102, SLA 1980.

2. As a part of the sentence, Judge Hanson did make comprehensive recommendations for Kimbrell to receive extensive additional psychiatric testing and ongoing psychological counseling.

3. *State v. Chaney,* 477 P.2d 441, 444 (Alaska 1970). *See also* AS 12.55.005 (incorporating the *Chaney* sentencing goals).

   In the present case, the sentencing judge's reference to the *Chaney* criteria was made in passing and was obviously secondary to his consideration of the presumptive sentencing scheme set forth in AS 12.55.125 and the aggravating factors listed under AS 12.55.155(c). Judge Hanson first referred to specific *Chaney* criteria only after he had stated the sentence he intended to impose. He noted that he had not given high priority to the goal of rehabilitation; he said that, instead, his sentence was intended to deter others, to express community condemnation for the crime, and to isolate Kimbrell until he had received treatment.

4. AS 12.55.155(c) lists a total of eighteen aggravating factors that may be relied on by the sentencing court as a basis for enhancing a presumptive sentence in those cases where presumptive sentencing applies.

various aggravating factors considered by Judge Hanson as justifying a harsh sentence were not properly applicable to this case. Upon review of the record, we have concluded that Kimbrell's sentence must be vacated and that a remand for resentencing is required.

Judge Hanson imposed Kimbrell's sentence prior to our decision in *Austin v. State*, 627 P.2d 657 (Alaska App.1981). In *Austin*, we considered a sentence involving a youthful first felony offender that exceeded the length of the presumptive sentence statutorily prescribed by the legislature for a second felony offender committing the same crime. We stated:

> Normally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear this rule should be violated only in an exceptional case.

*Id.* at 657–58. We nonetheless held that the aggravated nature of the offense charged, coupled with the defendant's extensive and continuous history of juvenile offenses, many of which involved conduct that would have constituted a felony if the defendant had been an adult, qualified the case as an exception to the rule.

By contrast, as we have noted, in the present case neither Kimbrell's psychological make-up nor his history of criminal offenses could justify exceptional treatment. If this case is to fall within the *Austin* exception, then it could do so only due to the nature of the crime itself.[5]

Judge Hanson evaluated the defendant's conduct in this case in light of the aggravating factors applicable to presumptive sentencing that are listed in AS 12.55.155(c). Concluding that four aggravating factors would have applied to this case, the judge indicated that a sentence substantially in excess of the presumptive sentence for a *second felony offender* would have been warranted. The sentence imposed in this case, however, actually exceeded not only the presumptive sentence prescribed for a second felony offender convicted of a class B felony (four years under AS 12.55.-125(d)(1)), but also the presumptive sentence for a third felony offender convicted of a class B felony (six years under AS 12.55.125(d)(2)). In fact, Kimbrell's sentence was considerably greater than the sentence he would presumptively have received had he been charged with and convicted of committing a class A felony involving use of a firearm or substantial physical injury.[6] We do not think that the justification for such a severe first offense sentence was ever adequately explained by the sentencing judge.

Even assuming that the four aggravating factors relied upon by the sentencing court could justify a sentence comparable to the one imposed in this case, we believe that the questions raised by Kimbrell about the applicability of these aggravating factors have considerable merit.[7]

---

5. Under case law dealing with the former criminal code, worst-offender status could be based solely upon the particularly egregious nature of the crime. *See, e.g., Notaro v. State*, 608 P.2d 769, 770 n.1 (Alaska 1980); *Wilson v. State*, 582 P.2d 154, 156 (Alaska 1978); *Burleson v. State*, 543 P.2d 1195, 1201 (Alaska 1975).

6. Under AS 12.55.125(c)(1), a first felony offender convicted of a class A felony (except for manslaughter) is subject to a presumptive sentence of six years' imprisonment if he used or carried a firearm in the commission of the offense or if serious physical injury resulted from the offense.

7. In response to Kimbrell's argument that the trial court improperly construed the aggravating factors set forth in AS 12.55.155(c)(1), (2), (4), and (5), the state asserts only that Kimb-

rell's argument does not deserve credence because presumptive sentencing did not, in fact, apply directly to this case. While the state's observation concerning the applicability of presumptive sentencing to Kimbrell's case is no doubt accurate, its argument is singularly unpersuasive. Even a cursory examination of the sentencing judge's remarks makes it apparent that the primary—if not the only—reason relied upon by the court to impose a sentence exceeding the four-year presumptive term that would have applied if Kimbrell's offense had been his second felony conviction was the court's conclusion that the circumstances of the crime were highly aggravated under the list of factors specified in AS 12.55.155(c). Where, as here, the sentencing court actually chooses to make specific statutory provisions determinative of the sentence that is to be imposed, it

Relying on AS 12.55.155(c)(1) and (4), Judge Hanson found that, if Kimbrell had been subject to presumptive sentencing, the presumptive term could have been enhanced because Kimbrell's victim had sustained physical injury and because Kimbrell had used a dangerous instrument in committing his assault.[8] This analysis overlooks the fact that Kimbrell was charged and convicted of second-degree assault under AS 11.41.210(a)(3). Thus, the charge was based on the specific theory that Kimbrell had recklessly caused serious physical injury by use of a dangerous instrument. Both Kimbrell's use of a dangerous instrument and the resultant serious physical injury to his victim were included as essential elements of the offense charged. In this regard, AS 12.55.155(e) states, in relevant part, "If a factor in aggravation is a necessary element of the present offense, that factor may not be used to aggravate the presumptive term." Hence, the superior court was mistaken in concluding that, if presumptive sentencing had applied, Kimbrell's presumptive term could have been aggravated under AS 12.55.155(c)(1) and (4).[9]

Judge Hanson also relied heavily on the conclusion that Kimbrell's sentence could have been enhanced under AS 12.55.-155(c)(2), which establishes an aggravating factor when "the defendant's conduct ... manifested deliberate cruelty to another person." We recently considered this aggravating factor in *Juneby v. State*, 641 P.2d at 840. There we stated:

> The word cruelty thus denotes the infliction of pain or suffering for its own sake, or for the gratification derived therefrom. We think that, in accordance with this common definition, the term 'deliberate cruelty,' as used in AS 12.55.155(c)(2) must be restricted to instances in which pain—whether physical, psychological, or emotional—is inflicted gratuitously or as an end in itself. Conversely, when the infliction of pain or injury is merely a direct means to accomplish the crime charged, the test for establishing the aggravating factor of deliberate cruelty will not be met.

*Id.* In *Juneby*, we further noted that AS 12.55.155(f) requires proof of all aggravating factors by clear and convincing evidence and mandates specific findings by the sentencing court with respect to the sufficiency of the evidence to establish specified aggravating factors. *Id.* at 832–33, 845–46.[10]

Here, it is not at all clear what definition of "deliberate cruelty" Judge Hanson employed in referring to AS 12.55.155(c)(2). Nor is it clear from his sentencing remarks that the judge actually deemed this factor to have been adequately established.[11] Ap-

---

is not a sufficient reply to note, as does the state, that the statutory provisions were not binding upon the court.

**8.** AS 12.55.155(c)(1) and (4) provide:
(c) The following factors shall be considered by the sentencing court and may aggravate the presumptive terms set out in AS 12.55.125:
(1) a person, other than an accomplice, sustained physical injury as a direct result of the defendant's conduct;
. . . .
(4) the defendant employed a dangerous instrument in furtherance of the offense . . . .

**9.** *See generally Juneby v. State*, 641 P.2d 823, 842–43 (Alaska App.1982).

**10.** We need not decide for the purposes of this case whether a sentencing judge considering aggravating or mitigating factors in determining a non-presumptive first offense sentence would be bound by the clearly convincing evidence standard of AS 12.55.155(f). It is, at the

very least, clear that any consideration of such factors would have to be based on information sufficiently verified within the standards adopted in *Nukapigak v. State*, 562 P.2d 697 (Alaska 1977).

**11.** Indeed, the remarks of the sentencing judge concerning the possibility of deliberate cruelty on Kimbrell's part seem highly speculative. Judge Hanson commented as follows:
Whether the defendant's conduct during the commission of the offense manifested deliberate cruelty to another person. It's hard to know what Mr. Kimbrell had in mind when he fired five shots of trap load at Mr. Kuoppola. Whether he was trying to fill him full of very small shot that would hurt him for a small time—a long time rather or whether he intended to kill him, that's something I don't know. But clearly the conduct of filling someone with trap load, if that was the intention rather than to kill, would be—would constitute deliberate cruelty to another person.

plication of this factor is, we believe, rendered especially troublesome by virtue of the fact that Kimbrell's assault was alleged to have been committed recklessly, not intentionally. At least in the absence of an unequivocal finding by the superior court that the shooting committed by Kimbrell was actually intentional rather than merely reckless in nature, it is difficult to understand how the aggravating factor of *deliberate* cruelty could be deemed to have been applicable.[12]

We therefore conclude that the sentence imposed by the superior court, which must be deemed to be an extremely severe one for a youthful first felony offender, is not justified by the reasons stated to support it at the time it was imposed.[13] A remand will thus be necessary. In reimposing Kimbrell's sentence, the superior court should, we believe, specifically consider our decisions in *Austin v. State* and *Juneby v. State*, as well as the views that we have expressed herein. We recognize that the circumstances surrounding the particular offense charged in this case, and particularly the nature of the injuries inflicted upon Wilho Kuoppola, Kimbrell's victim, appear to be unusually severe. For this reason we do not rule out the possible appropriateness of a sentence exceeding the presumptive sentences prescribed for first and second felony offenders convicted of class B felonies.

We emphasize, however, that, in the final analysis, the sentence imposed below will have to be justified by sound reasons, stated on the record by the sentencing court. We agree, in general, that it may be extremely helpful for sentencing courts dealing with first felony offenders to bear in mind the presumptive sentences prescribed for second and subsequent felony offenders under AS 12.55.125 and the aggravating and mitigating factors related thereto, as set forth in AS 12.55.155(c) and (d). Nevertheless, we think that it is appropriate in this case, in light of the sentencing judge's heavy reliance upon potentially applicable aggravating factors, to remind sentencing judges that the criteria enumerated by the legislature in AS 12.55.005 must be given primary significance in the sentencing of first offenders under the Alaska Revised Criminal Code.[14]

The sentence imposed by the superior court is VACATED, and this case is REMANDED.

COATS, J., concurs.

COATS, Judge, concurring.

The conduct involved in this case appears to me to be particularly serious. Kimbrell shot the victim, sixty-three-year-old Wilho Kuoppala, several times with a shotgun from a distance of about thirty-five feet. Kimbrell shot Kuoppala from ambush in the dark after Kuoppala stepped outside his

12. There is arguably less difficulty with respect to the sentencing court's conclusion that Kimbrell's conduct might be deemed aggravated under AS 12.55.155(c)(5) because his victim was particularly vulnerable. Nevertheless, this facet of the court's sentencing conclusions is subject to question. Given Judge Hanson's failure to consider expressly whether there was clear and convincing evidence to show that Kimbrell "knew or reasonably should have known" of his victim's vulnerability, as required by AS 12.55.155(c)(5), and given the judge's failure to make a specific finding, as required by AS 12.55.155(f), of the appropriateness of substantially aggravating the sentence in this case in light of the vulnerability of the victim, we believe that the applicability of AS 12.55.155(c)(5) should also be carefully reevaluated by the court upon remand.

13. We do not take issue with the concurring opinion's observation that an exceptionally severe sentence might be justified in this case by reference to the aggravating factor of "most serious conduct," as provided for in AS 12.55.-155(c)(10). However, of the various aggravating factors considered and relied upon by the sentencing court, the "most serious conduct" provision of AS 12.55.155(c)(10) was not included. We do not believe it would be appropriate for an appellate court to sustain a sentence based upon factual findings that were not considered below and that the defendant had no opportunity to address or rebut.

14. *See also* AS 12.55.015(b) (governing the circumstances under which a term of incarceration should be mandatory for first felony offenders not otherwise subject to minimum or presumptive sentencing provisions).

residence to see why his dog was barking. The attack on Kuoppala was totally unprovoked. I have little difficulty concluding that this conduct is "among the most serious conduct included in the definition of the offense." AS 12.55.155(c)(10). This aggravating factor alone in this case would seem to justify a sentence in excess of the presumptive sentence that would be given to a second or third offender. It would also seem to justify giving a sentence in excess of the six-year presumptive sentence which Kimbrell could have received if he had been convicted of a class A felony where he "used a firearm or caused serious physical injury during the commission of the offense." AS 12.55.125(c)(1). Therefore, I do not believe the sentence imposed in this case was clearly mistaken. However, because this court has decided several cases interpreting the criminal code sentencing provisions since the sentencing in this case, and because the sentence for this first felony offender is in excess of the presumptive sentence for second and third offenders under the criminal code, I believe it is appropriate to remand this case for consideration in light of those factors.