**Gary GANT, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 6161.**

Court of Appeals of Alaska.

Nov. 19, 1982.

Allan Beiswenger, Asst. Public Defender, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.

Charles M. Merriner, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

BRYNER, Chief Judge.

Gary Gant pled guilty in 1978 to a charge of larceny in a building, former AS 11.20.-150, and was sentenced by Superior Court

Judge James Hanson to seven years' imprisonment, with four years suspended. The judgment and order of probation, as amended and re-entered on May 1, 1978, listed Gant's probation expiration date as April 28, 1985. The order required, however, as one of several general conditions of probation, that Gant "report [to a probation officer] on the next business day following release from the institution." Gant was released on October 3, 1980, subject to the mandatory parole supervision period required by AS 33.20.040(a) in cases where more than 180 days have been deducted from a prisoner's sentence for "good time."[1]

On October 24, 1980, a "parole violation warrant" was issued by the parole board directing Gant's arrest and alleging, *inter alia,* that Gant had committed the crime of theft at Joe's Barbecue in Anchorage. Gant was apprehended on January 7, 1981, in Pueblo, Colorado. A petition to revoke Gant's probation was filed on January 16, 1981, specifying the same incidents mentioned in the parole violation warrant. Gant's probation was subsequently revoked by Judge Hanson after an evidentiary hearing on the allegation of the petition to revoke probation. After preparation of an updated presentence report, Judge Hanson imposed the entire four-year suspended portion of the original sentence. Gant appealed the revocation, contending that Judge Hanson had no authority to revoke probation because (1) Gant was on parole and was not yet on probation on the dates of the alleged violations and (2) no violation of law

was proven at the probation revocation hearing. Gant also appeals his sentence as excessive.

■ We find it unnecessary to decide whether Gant was technically on probation. Testimony of four witnesses at the revocation hearing established that Gant had taken money from the cash register at his new-found place of employment, and it was sufficient to support Judge Hanson's finding that Gant had "intended to convert those funds to his own use."[2]

In *Wozniak v. State,* 584 P.2d 1147 (Alaska 1978), the supreme court was faced with a similar dilemma. The order entered at sentencing failed to state that Wozniak would be on probation following six months' imprisonment. Wozniak had been sentenced to three years' imprisonment, with two and one-half years suspended. The court found it unnecessary to consider whether it was proper for the trial court to amend the original judgment to require that Wozniak be placed on probation for the duration of his suspended sentence. The supreme court stated:

> The legislature has provided for a procedure to revoke suspended sentences in AS 12.55.110. Under that statute, to revoke a suspended sentence requires a showing of "good cause." *Trumbly v. State,* 515 P.2d 707, 709 (Alaska 1973). A violation of a particular specified condition of probation need not be shown in order to reinstate the suspended portion of a sentence.

584 P.2d at 1148 (footnote omitted). Courts in other jurisdictions have likewise held

---

1. Gant apparently received deductions from his term for "statutory" good time under former AS 33.20.010 and for "meritorious" good time under former AS 33.20.020.

2. The owner of Joe's Barbecue testified that he had hired Gant on October 23 to work as manager of his restaurant. He apparently discovered the next day that about $900 was missing from the cash register. Gant had access to the cash register and was the only employee continuously present that evening. A former counselor of Gant's testified that Gant told him on October 23, while at the restaurant, that he had no intention of returning to his current

residence, that Gant was drinking beer and was visibly affected by it, and that he saw Gant take money out of the cash register and put it in his pocket. Another former counselor also saw Gant take the money out; both counselors initially thought this was somehow involved with Gant's duties as manager. Gant's parole/probation officer testified that the woman with whom Gant was living told him on October 23 that Gant had "departed." The money was apparently repaid to the owner by this woman after Gant's extradition from Colorado in January.

that probation may be revoked for crimes committed prior to the technical commencement of the probationary period. *Roberts v. State,* 148 Ga.App. 708, 252 S.E.2d 209 (1979); *Brown v. Commonwealth,* 564 S.W.2d 21 (Ky.App.1977); and *State v. Sullivan,* 642 P.2d 1008 (Mont.1982). *See also United States v. Tucker,* 524 F.2d 77 (5th Cir.1975), *cert. denied,* 424 U.S. 966, 96 S.Ct. 1462, 47 L.Ed.2d 733 (1976), and *United States v. Ross,* 503 F.2d 940 (5th Cir.1974). Thus, regardless of whether Gant's probationary period can be deemed to have commenced by October 24, 1980, Judge Hanson was within his authority in imposing the suspended portion of the sentence for good cause; i.e., a theft committed on that date.

■ Our review of the record also establishes that Judge Hanson was not clearly mistaken in imposing the entire suspended portion of Gant's sentence. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974). Review of the sentence in these circumstances is limited to "the propriety of the subsequent imposition of the . . . previously suspended [term] *as it now appears in light of all the information in the current record." Shearer v. State,* 619 P.2d 726, 727 (Alaska 1980) (emphasis added). In *Nix v. State,* 624 P.2d 825, 827 n. 4 (Alaska App. 1981), we stated:

> The disposition when probation is revoked should be based on consideration of all relevant matters, including the probationer's original crime, his intervening conduct, and the violation of probation.

Judge Hanson's remarks at sentencing demonstrate that he considered the *Chaney* criteria under these circumstances. *State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970). Nothing in Gant's 1978 presentence report nor the updated version instills much

confidence in Gant's ability to abide by any conditions of probation at this time. In light of Gant's substantial prior criminal record and the fact that he committed another theft offense only twenty-one days after release, we cannot say that Judge Hanson was clearly mistaken in imposing the entire suspended term.

Gant also charged that Judge Hanson erred in failing to recommend alcohol treatment during incarceration. We note that the only request made was for release to an alcohol program during the period between revocation and sentencing. However, in light of Judge Hanson's remarks at the revocation hearing that alcohol is Gant's "main problem", we believe the judgment should include a recommendation that alcohol rehabilitation be made available to Gant. *Fomin v. State,* 619 P.2d 718 (Alaska 1980); *Notaro v. State,* 608 P.2d 769 (Alaska 1980); *Born v. State,* 633 P.2d 1021, 1026 (Alaska App.1981).

The judgment and order of the superior court revoking Gant's probation and imposing sentence is AFFIRMED. The sentence imposed is AFFIRMED as modified, and this case is REMANDED for entry of a modified judgment.