John L. **GRAYBILL**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 1186.

Court of Appeals of Alaska.

Dec. 20, 1991.

Patrick J. McKay, Anchorage, for appellant.

Eugene B. Cyrus, Asst. Dist. Atty., Ken Goldman, Dist. Atty., Palmer, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and LOHFF, District Court Judge.*

OPINION

BRYNER, Chief Judge.

John L. Graybill was convicted of twenty Fish and Game violations stemming from a hunting trip near Iliamna. District Court Judge Elaine M. Andrews sentenced Graybill to a total of seven years with five and one-half years suspended, fined him $14,000 with $3,000 suspended, revoked his hunting license for a total of forty-two years, and placed him on probation for five years. *Graybill v. State*, 672 P.2d 138, 139–40 (Alaska App.1983). On appeal, Graybill contends the trial court's subsequent amendment of his probation termination date violated his due process and double jeopardy rights. We affirm.

In her oral pronouncement of sentence on February 25, 1982, Judge Andrews placed Graybill on probation "for five years." The written judgments, issued two days later, indicated that Graybill was placed on probation until February 25, 1987, subject to the following conditions: "No Fish and Game violations for 5 years;" "abide by license revocation;" "no flying for yourself or others for the purpose of hunting, may fly for pleasure."

On March 25, 1982, Judge Andrews "stay[ed] the sentences as far as the jail time goes" and worked out a payment schedule for the fines. Graybill then appealed his conviction and sentence.

We affirmed his conviction, but vacated his sentence. *Graybill v. State*, 672 P.2d at 143–44. The Alaska Supreme Court reversed our decision and reinstated the original sentence. *State v. Graybill*, 695 P.2d 725, 731 (Alaska 1985).

On remand, Graybill requested that his sentence be reduced. On October 17, 1985, Judge Andrews reduced Graybill's jail time from 555 days to 450 days and the fine from $14,000 to $5,000. The amended judgments, like the original written judgments, indicated that Graybill's probation expired on February 25, 1987. The judgments also imposed the same probation conditions imposed at the original sentencing.

On September 30, 1988, the state filed a petition to revoke probation, alleging that Graybill had unlawfully transported an illegally-taken wolf in February of 1988. On that same date, the state filed a motion to correct the portion of Graybill's judgments indicating that Graybill's probation expired on February 27, 1987. In its motion to correct the judgments, the state contended that Graybill's original sentence had been stayed, in accordance with Alaska Appellate Rule 206(a)(3), while his case was on appeal.[1] In the state's view, the court was authorized pursuant to Alaska Criminal Rule 36[2] to amend the judgments to reflect that Graybill's probation expired five years after the court reduced his sentence rather than on February 25, 1987.

Judge Andrews granted the state's motion, ruling that Graybill's probation had been stayed pending appeal pursuant to Appellate Rule 206(a)(3). The judge further stated that her oral pronouncement of five years' probation at the original sentencing controlled over the internally inconsistent written judgments.

■ On appeal, Graybill contends the trial court's amendment of his probation ter-

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. Rule 206(a)(3) provides:
   An order placing the defendant on probation shall be stayed if an appeal is taken.

2. Rule 36 provides:

Clerical mistakes in judgments, orders or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time and after such notice, if any, as the court orders.

**1388**

mination date violated both his due process and double jeopardy rights. Graybill claims the amendment was improper because there is no contemporaneous evidence to suggest that an objectively ascertainable mistake was made in the October 17, 1985, judgments. *See Shagloak v. State,* 582 P.2d 1034, 1037–38 (Alaska 1978). In Graybill's view, the court's March 25, 1982, order staying only his jail sentence indicates that Graybill's probation began to run from the date of his original sentencing. Graybill thus contends that his probation expired when the judgments indicated it expired—on February 25, 1987.

Graybill's argument overlooks the fact that probation generally does not begin to run until the completion of the unsuspended portion of a defendant's sentence. *See Wozniak v. State,* 584 P.2d 1147, 1148 (Alaska 1978); *Gant v. State,* 654 P.2d 1325, 1326–27 (Alaska App.1982). In the present case, for example, Graybill could hardly have expected to receive credit for being on probation while serving the unsuspended portion of his jail term; rather, his probation would ordinarily be deemed to commence upon his release from jail. Absent a specific order to the contrary, Graybill's probationary term would not have commenced earlier merely because he postponed serving his jail term by filing an appeal. *See* Appellate Rule 206(a)(3). There is nothing in the record to suggest that the sentencing court contemplated placing Graybill on probation before he even began to serve his sentence.

■ Because a probationary term does not ordinarily begin until the unsuspended portion of a sentence has been served, Judge Andrews' original pronouncement of a five-year period of probation was obviously inconsistent with the probation termination date in the subsequently entered written judgments, which simply listed a date five years after the date the written judgments were entered. Where, as here, a conflict exists between an orally imposed sentence and a subsequently issued written judgment, it is well settled that the oral pronouncement of sentence must govern. *Burrell v. State,* 626 P.2d 1087, 1089 (Alas-

ka App.1981). Judge Andrews' oral pronouncement of a five-year probationary term thus controls over the probation termination date of February 27, 1987, as reflected in the written judgments entered on February 27, 1982.

The amended judgments entered on October 17, 1985—when Judge Andrews reduced Graybill's jail sentence and fine following his unsuccessful appeal—merely carried forward the probation termination date listed in the original written judgments, thereby perpetuating the conflict between the written judgments and the original, orally imposed sentence. Graybill does not contend, and the record contains nothing to suggest, that Judge Andrews contemplated any change in the originally specified period of probation when she reduced Graybill's jail term and fine in October of 1985.

Because Judge Andrews' original, oral order providing for a five-year probationary term continued to govern over the inconsistent probation termination date reflected in the amended written judgments, Graybill's due process and double jeopardy rights were not implicated by Judge Andrews' decision to correct the written judgments. The only effect of the correction was to conform the written judgments to the original, orally imposed sentence.

■ Graybill raises an additional line of argument that merits separate consideration. Analogizing his case to *Wickham v. State,* 770 P.2d 757 (Alaska App.1989), *rev'd on other grounds,* 796 P.2d 1354 (Alaska 1990), Graybill contends that it would be unjust to deny him probationary credit for the period when his case was on appeal, because he believed that he was on probation and abided by his conditions of probation at all times.

Graybill's case, however, is not analogous to *Wickham.* Unlike Wickham, Graybill was never placed on formal probation. He was not assigned a probation officer and was never required to report regularly to the probation office. In short, he was never treated by the state as being under formal supervision. To the extent he believed himself to be on probation, his belief was unilateral and was not fostered or

reinforced by any action on the state's part. In the absence of state action contributing to Graybill's mistaken assumption that he was on probation, his unilateral decision to comply with the conditions of probation did not automatically entitle him to receive credit against his probationary term.

Even in the absence of state action fostering Graybill's belief that he was on probation, we might be inclined to find that he was entitled to credit for the time his appeal was pending if his conditions of probation had actually been burdensome, requiring the expenditure of substantial time, effort or resources, or involving a significant restriction of freedom. Such was not the case, however. Apart from conditions essentially prohibiting Graybill from engaging in conduct that would independently have been illegal, the only probation condition imposed in Graybill's case was the requirement that he abstain from flying himself or others for purposes of hunting. This condition was itself minimally restrictive, since Graybill's hunting license had been revoked, and he was thus personally prohibited from hunting.

Assuming that Graybill, acting on the mistaken assumption that he was on probation, refrained from flying friends or acquaintances on hunting trips while his case was on appeal, we do not believe that the relatively minimal inconvenience of such abstinence would in and of itself warrant his being credited for time spent on probation.[3] *Cf. Paul v. State*, 560 P.2d 754, 758 (Alaska 1977). We thus conclude that the district court did not err in correcting Graybill's judgments by extending his probationary term beyond February 27, 1987.

The order revoking probation is AFFIRMED.

---

**3.** It is conceivable that Graybill could have successfully asserted a reasonable mistake of fact defense against his probation violation charge if the charge resulted from conduct that Graybill believed to be permissible because he was no longer on probation. For example, Graybill might have raised such a defense had he been charged with violating the conditions of his probation by flying friends on a hunting trip. Such a defense was plainly unavailable here, however, since the petition to revoke Graybill's probation alleged that Graybill had committed a new crime. Regardless of whether Graybill reasonably believed that he was no longer on probation, he could not have believed that he was entitled to break the law.