36 F.3d 1102
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John L. GRAYBILL, Petitioner-Appellant,
v.
Lloyd F. HAMES, Commissioner, Respondent-Appellee.
 No. 94-35206.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1994.
Decided Sept. 2, 1994.
 
 Before: PREGERSON, CANBY, and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John L. Graybill was convicted in 1982 in the Alaska State District Court of fish and game violations. See Graybill v. State, 672 P.2d 138 (Alaska Ct.App.1983). On February 25, 1982, Judge Elaine M. Andrews sentenced Graybill to seven years imprisonment, with five and one-half years suspended, fined Graybill $14,000, with $3,000 suspended, and revoked Graybill's hunting license for forty-two years. Judge Andrews also sentenced Graybill to five years probation.
 
 
 3
 The written judgment issued by the sentencing court stated that Graybill's probation would terminate on February 25, 1987, which was five years from the date of Graybill's sentencing. The judgment further stated that Graybill was subject to the following conditions of probation: (1) no fish and game violations for five years; (2) no hunting in accordance with his license revocation; and (3) no flying himself or others for the purpose of hunting.
 
 
 4
 On March 25, 1982, Graybill filed a motion to reduce his sentence, which Judge Andrews denied. Graybill also requested a stay of his sentence pending appeal. The Judge agreed to stay the sentence with respect to the jail time imposed, but refused to stay the fine. No mention was made concerning Graybill's probation.
 
 
 5
 Graybill appealed his convictions and sentence to the Alaska Court of Appeals. The Court of Appeals affirmed his convictions, but vacated his sentence because it was excessive. See Graybill, 672 P.2d at 143. The State then petitioned the Supreme Court of Alaska for review. The Supreme Court of Alaska reversed the Court of Appeals and affirmed the original sentence of the Alaska State District Court. See Graybill v. State, 695 P.2d 725 (Alaska 1985).
 
 
 6
 Following the Alaska Supreme Court's decision, Graybill filed his second motion for a reduction of his sentence in the Alaska State District Court in September 1985. In response to this motion, Judge Andrews entered an amended judgment on October 17, 1985, which reduced Graybill's jail time from 555 days to 450 days and reduced his fine from $14,000 to $5000.[1] The length, conditions, and expiration date of Graybill's probation in the October 1985 amended judgment were identical to those stated in the February 1982 judgment. Between 1982 and 1985, Graybill adhered to all of the terms of his probation. At no time was he ever assigned a probation officer.
 
 
 7
 In 1988, after Graybill committed another game offense, Alaska authorities reviewed Graybill's file on his 1982 offense and noticed that the expiration date of Graybill's probation was, they thought, incorrectly shown as February 1987. The State moved to correct the 1985 amended judgment under Alaska Criminal Rule 36 to reflect that Graybill's probation was to expire five years after the court had resentenced him in 1985, not five years after the judgment in 1982. The State also filed a petition to revoke Graybill's probation on the 1982 offense because of a 1988 misdemeanor violation for unlawfully transporting an illegally taken wolf.
 
 
 8
 Judge Andrews granted the State's motion and ruled that under Appellate Rule 206(a)(3), Graybill's probation had been stayed in 1982 pending his appeal. Further, Judge Andrews changed the 1985 amended judgment to show that Graybill's probation was to expire in 1990. Judge Andrews then revoked Graybill's probation because of the 1988 misdemeanor violation and sentenced him to serve an additional three years of jail time to run consecutively to the sixty days imposed for the 1988 misdemeanor.
 
 
 9
 Graybill appealed the revocation of probation to the Alaska Court of Appeals. The Alaska Court of Appeals found that Graybill was still on probation in 1988 when he committed the 1988 offense. The State Court of Appeals also found that Graybill's due process and double jeopardy rights had not been violated because Judge Andrews' decision to change the expiration date of Graybill's probation had the effect of only conforming the 1985 amended judgment to the sentence imposed in 1982. See Graybill v. State, 822 P.2d 1386, 1388 (Alaska Ct.App.1991). Graybill then appealed to the Supreme Court of Alaska, which denied Graybill's petition for review.
 
 
 10
 After exhausting his state remedies, Graybill filed a petition for habeas relief with the United States District Court for the District of Alaska. The district court denied the petition based on the recommendations of the Magistrate Judge.
 
 
 11
 A decision to grant or deny a petition for habeas corpus under 28 U.S.C. Sec. 2254 is reviewed de novo. Weygandt v. Ducharme, 774 F.2d 1491, 1492 (9th Cir.1985). We reverse.
 
 
 12
 We conclude that in ruling on Graybill's motion for reduction of sentence in March of 1982, Judge Andrews impliedly ruled that Graybill's probation was not stayed, but would expire in 1987.
 
 
 13
 Appellate Rule 206(a)(3) automatically stays probation pending an appeal "absent a specific order to the contrary." See Graybill v. State, 822 P.2d at 1386, 1388 (stating that because there was no specific order to the contrary, Appellate Rule 206(a)(3) stayed Graybill's probation). The requirement of a specific order, however, is not necessarily the same as the requirement of an express order. Graybill claims that at the March 1982 hearing to reduce his sentence, Judge Andrews impliedly made such a "specific order to the contrary," refusing to stay the probation component of his sentence. We agree. Judge Andrews stated:
 
 
 14
 I have no objection staying the sentences, especially in misdemeanor cases. Usually sentences are served before the appeal is decided and that is unfair and denigrates the right to appeal. So I'm going to stay the sentences as far as the jail time goes.... I'm not going to stay the license suspension, however.
 
 
 15
 (3/25/82 hearing to reduce Graybill's sentence). At the March 1982 hearing Judge Andrews expressed her willingness to stay sentences in cases such as this one but chose to stay Graybill's sentences only "as far as the jail time goes." Id. Further, Judge Andrews made no mention of probation and the words she used imply that Graybill's probation was not stayed pending his appeal. It appears to us that Judge Andrews' statement with respect to staying Graybill's sentence "as far as the jail time goes" could reasonably be construed as a refusal to stay probation, which was to expire in 1987.
 
 
 16
 In any event, due process requires that a defendant be notified of those probation terms to which he is subject. United States v. Simmons, 812 F.2d 561, 565 (9th Cir.1987). It follows even more strongly that a defendant must receive fair notice as to when he is on probation. The 1982 judgment and the 1985 amended judgment both clearly state that Graybill's probation was to expire in February 1987. At the time the 1985 judgment was entered, there was no longer any question of stay, and there was no further appeal. The two written judgments are consistent with Graybill's claim that he began probation in 1982. (We also note that during this period Graybill's conduct conformed to the terms of his probation.) The 1985 amended judgment does not state that Graybill's probation was for the next five years nor does it state when the five year period was to commence. Thus, the 1985 amended judgment could reasonably be construed by Graybill as referring to the five year term of probation which commenced in 1982.
 
 
 17
 The State claims that Graybill has no basis for believing his probation began in 1982. To support its argument, the State looks to the Alaska Court of Appeals which said "[t]o the extent [Graybill] believed himself to be on probation, his belief was unilateral and was not fostered or reinforced by any action on the state's part." Graybill, 822 P.2d at 1388, 1389. However, this is not the case because Graybill's belief that his five years of probation commenced in 1982 was fostered by State action. The 1982 judgment and the 1985 amended judgment state that Graybill's probation expired in 1987. Thus, Graybill's belief that his five years of probation began in 1982 was justifiable.
 
 
 18
 The petition for writ of habeas corpus is granted and the mandate shall issue forthwith.
 
 
 19
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 $3,000 of Graybill's fine had previously been suspended. Therefore, his payable fine was reduced from $11,000 to $2000