Jerry A. WEBB, Appellant,

v.

**ALASKA DEPARTMENT OF CORRECTIONS, Appellee.**

No. A-6770.

Court of Appeals of Alaska.

Aug. 28, 1998.

19. *See Mutschler v. State,* 560 P.2d 377, 380–81 (Alaska 1977).

Arthur S. Robinson, Robinson, Beiswenger & Ehrhardt, Soldotna, for Appellant.

Timothy W. Terrell, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, C.J., and MANNHEIMER and STEWART, JJ.

## OPINION

MANNHEIMER, Judge.

This case requires us to decide whether the Alaska Board of Parole can anticipatorily revoke the scheduled parole release of prisoners who, while still incarcerated, engage in behavior that would warrant revocation of their parole. This court has already construed the probation statutes to authorize sentencing judges to anticipatorily revoke a defendant's scheduled probation in similar circumstances. We now construe the parole statutes in a like manner, and we thus hold that the Parole Board can anticipatorily revoke a scheduled parole.

In 1991, Jerry A. Webb was convicted of first-degree sexual abuse of a minor and was sentenced to serve 8 years in prison. The sentencing judge ordered Webb to complete a treatment program for sex offenders while he was incarcerated (if such a program was offered at the institution to which Webb was sent).[1]

Webb was incarcerated at Hiland Mountain Correctional Center, a facility that offers sex offender treatment. Webb participated in this treatment program for approximately a year and a half (from August 2, 1991 until February 22, 1993), but then he withdrew from the program against the advice of his treatment team. In July 1994, Webb applied for re-entry into the program, but the treatment team denied his request.

Webb's failure to complete sex offender treatment prompted the Department of Corrections to seek revocation of Webb's good time credit. Under AS 33.20, most prisoners receive credit against their sentences for good behavior; unless reduced for bad behavior, the credit equals one-third of the prisoner's sentence.[2] When a prisoner's good time credit equals the time remaining in their sentence, the prisoner is automatically released on parole, supervised by the Alaska Board of Parole.[3] (Such parole is termed "mandatory" parole, to distinguish it from parole granted at the discretion of the Parole Board under AS 33.16.090—150.)

Given Webb's normal accrual of good time, he would have been released on mandatory parole on March 2, 1996. But in the autumn of 1994, the Department of Corrections initiated proceedings in front of the Alaska Board of Parole to revoke Webb's accumulated good time credit; the reason was that Webb had failed to complete the sex offender treatment ordered by the sentencing judge. On January 24, 1995, the Parole Board held a hearing into this allegation; Webb declined to appear at this hearing.

1. See AS 12.55.015(a)(10), which authorizes a sentencing court to "order the defendant, while incarcerated, to participate in or comply with the treatment plan of a rehabilitation program that is related to the defendant's offense or to the defendant's rehabilitation if the program is made available to the defendant by the Department of Corrections".

2. AS 33.20.010(a).

3. AS 33.20.040(a), (c).

At the conclusion of the hearing, the Parole Board found that Webb had violated the provision of his sentence requiring him to complete sex offender treatment. Although the Department of Corrections' petition had asked for revocation of Webb's good time credit, the Parole Board did not explicitly mention good time credit in its order. Instead, the Board declared that it had decided to anticipatorily revoke Webb's scheduled parole.

Webb later petitioned the superior court for a writ of habeas corpus. He argued that the Parole Board lacked the authority to revoke his parole before he actually commenced his mandatory parole release. The superior court denied Webb's petition, and Webb now appeals.

Under AS 33.16.220(a)(2), the Parole Board is authorized to revoke a person's parole if the person "has violated an order of the court [under AS 12.55.015(a)(10) ] to participate in or comply with the treatment plan of a rehabilitation program". In the present appeal, Webb concedes that he failed to comply with the sentencing court's order to complete sex offender treatment. (Webb does not argue that the Board acted prematurely in the sense that Webb still had more time in which to potentially re-enter and complete the sex offender treatment program.) Webb further concedes that, if the Parole Board had acted on or after March 2, 1996—that is, after Webb was released on his scheduled mandatory parole—then the Board's action would have been proper. But Webb argues that the Parole Board had no authority to revoke his parole until Webb formally became a "parolee"—that is, until Webb was actually released from prison on mandatory parole.

 This court has repeatedly held that a sentencing court has the authority to revoke the probation of defendants who have not yet formally begun their probation—either because they have yet to begin serving their prison sentence, or because they are in prison and have not yet been released on probation.[4] We now hold that the parole statutes give the Parole Board a similar power of anticipatory revocation.

 Under Webb's proposed construction of the parole statutes, even when a prisoner engaged in conduct that clearly justified revocation of his or her parole, the Parole Board would have to delay final action until the prisoner was physically released on parole. Parole officers, having probable cause to believe that parole had been violated, would stand at the prison gates, waiting for the prisoner to emerge on parole, so that the prisoner could immediately be grabbed and forced back through the gates to a resumption of imprisonment.[5] Webb fails to offer any convincing reason why we should interpret the parole statutes to require such a strange and pointless ceremony.

For these reasons, we hold that the Parole Board acted lawfully when it anticipatorily revoked Webb's mandatory parole, and we therefore AFFIRM the judgement of the superior court.

---

4. *See Enriquez v. State,* 781 P.2d 578, 579–580 n. 1 (Alaska App.1989); *Benboe v. State,* 738 P.2d 356, 359–360 (Alaska App.1987); *Gant v. State,* 654 P.2d 1325, 1326–27 (Alaska App.1982).

5. AS 33.16.240(a) authorizes the warrantless arrest of a parolee for violation of parole.