**David V. EVENSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1410.**

Court of Appeals of Alaska.

May 12, 1995.

---

Thomas J. Meyer, Asst. Public Defender, Juneau, and John B. Salemi, Public Defender, Anchorage, for appellant.

Richard Svobodny, Dist. Atty. and Bruce M. Botelho, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

BRYNER, Chief Judge.

David V. Evenson was convicted in 1991 of three counts of assault in the second degree in violation of AS 11.41.210(a)(2). The convictions were for three separate alcohol-related incidents in which Evenson engaged in unprovoked attacks against other people and inflicted serious physical injuries upon them. Although a first felony offender for presumptive sentencing purposes, Evenson had an extensive misdemeanor record and a juvenile history that included adjudications for felony-level assaultive misconduct. Pursuant to the terms of a sentencing agreement, Evenson received consecutive sentences of two years with one year suspended for the three assaults. Evenson served the unsuspended portion of his sentences and, upon release from prison in November 1993, was simultaneously placed under parole and probation supervision. Evenson's conditions of probation required him to comply with all laws and prohibited him from consuming alcoholic beverages or entering bars.

On November 25, 1993, less than two weeks after his release from prison, Evenson was cited for driving without a license; he was convicted of the offense on December 9, 1993. Soon thereafter, he began consuming alcohol regularly. On January 26, 1994, Evenson entered the Imperial Bar in Juneau and tried to start a quarrel with another man; the man attempted to ignore Evenson and ultimately left the bar to avoid a confrontation. Several hours later, Evenson encountered the same man in a restaurant. Without provocation or warning, Evenson struck the man in the face with his fist, inflicting a one and one-half inch cut over the man's eyebrow.

As a result of these incidents, Superior Court Judge Larry R. Weeks revoked Evenson's probation. On each of Evenson's second-degree assault convictions, the judge imposed six months of the one-year term that had originally been suspended. Evenson also entered a no contest plea to a class A misdemeanor charge of fourth-degree assault for the January 26 incident. Judge Weeks sentenced Evenson to six months for that offense. Judge Weeks ordered Evenson to serve all of these sentences consecutively, for a total of two years' additional incarceration. Evenson appeals, contending that his composite sentence is excessive.

■ In arguing that his sentence is excessive, Evenson virtually ignores the offenses for which he was on probation; instead, he focuses exclusively on the conduct that led to the revocation of his probation. Evenson maintains that, because he received six months' incarceration for his new misdemeanor assault, "[t]he court's imposition of another year and a half for essentially the same conduct went too far."

This argument misses the point: the additional time Evenson received upon revocation of his probation constitutes punishment for his 1991 felony convictions, not for his more recent misdemeanor conviction:

> Because a sentence imposed upon revocation of probation constitutes punishment for the defendant's original offense, the length of the sentence ultimately imposed must be appropriate to the nature and circumstances of the original offense.

*Toney v. State,* 785 P.2d 902, 903 (Alaska App.1990).

For this reason, in imposing sentence upon revocation of Evenson's probation, Judge Weeks was required to consider, not just Evenson's current conduct, but rather

> all available sentencing evidence, including information concerning the defendant's background, the seriousness of the original offense, the nature of the defendant's conduct while on probation, and the seriousness of the violations that led to the revocation. As in all other sentencing proceedings, relevant information must be evaluated in light of the sentencing criteria articulated in *State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970).

*Id.* (internal citations omitted).

■ In the present case, Judge Weeks properly considered the totality of the sentencing evidence in light of the *Chaney* criteria. The judge concluded, despite Evenson's assurances to the contrary, that a substantial additional sentence was necessary to serve the purposes of deterrence, community condemnation, and protection of the public. Given the seriousness of the three separate felonies for which Evenson was convicted, Evenson's extensive background of similar unprovoked and serious acts of violence, the substantial efforts that have unsuccessfully been devoted to Evenson's rehabilitation, and the disturbing similarity of Evenson's current and past misconduct, Judge Weeks' sentencing decision seems remarkable, not in its harshness, but rather in its moderation and restraint.[1]

Having independently reviewed the entire sentencing record, we conclude that the sentence imposed below was not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

The sentences are AFFIRMED.

1. Evenson attempts to expand his sentence appeal to include consideration of additional time he evidently received upon revocation of his parole. Evenson maintains that Judge Weeks erred in imposing the current sentences consecutively to the time Evenson received upon revocation of his parole. However, no action on Evenson's parole had been taken at the time of his sentencing hearing in the present case, and the parole board's subsequent action is not a matter of record here. Judge Weeks did not expressly order Evenson's sentences in the current case to be served either concurrently with or consecutively to any additional time that might result from revocation of his parole by the parole board. Evenson has failed to present any authority indicating that Judge Weeks had discretion to preempt subsequent actions of the parole board by ordering the current sentences to be served concurrently with additional time resulting from parole proceedings that had not yet been completed. Under the circumstances, we agree with the state that Evenson's arguments concerning the parole board's actions are not properly before this court.