**James A. CRAGG, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–6528.**

Court of Appeals of Alaska.

May 8, 1998.

Douglas Moody, Gingras & Moody, Anchorage, for Appellant.

Eric A. Johnson, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, C.J., and MANNHEIMER and STEWART, JJ.

1. AS 11.71.040(a)(1).

## OPINION

MANNHEIMER, Judge.

In this appeal, we are asked to decide whether the superior court abused its discretion in refusing to strike disputed factual allegations from a pre-sentence report. As explained in more detail below, the State alleged that James A. Cragg had violated his probation by failing to report to his probation officer and by possessing alcohol, drugs, and drug paraphernalia. Cragg admitted his failure to report, but he disputed the other allegations. At the ensuing probation revocation hearing, the superior court concluded that the State had failed to prove the other allegations. Nevertheless, Cragg's probation officer later prepared a pre-sentence report in which she asserted that Cragg was in fact guilty of these other violations. Cragg objected to the inclusion of these allegations in the pre-sentence report, but the superior court refused to amend the report. We conclude that this was error. Because these matters had been litigated and resolved in Cragg's favor, the superior court was obligated under Alaska Criminal Rule 32.1(e) to delete these unproved allegations from Cragg's pre-sentence report.

We are also asked to decide whether the superior court imposed an excessive sentence when it revoked Cragg's probation. We conclude that Cragg has no right to appeal this sentence because, even after the probation revocation, his total sentence is still less than 2 years to serve. We therefore certify this portion of Cragg's appeal to the supreme court under Appellate Rule 215(k).

*Facts of the case*

In 1992, James A. Cragg was convicted of fourth-degree misconduct involving a controlled substance.[1] He received a sentence of 3 years' imprisonment with 2 years suspended (1 year to serve). Cragg served his time in prison, and he was then released on probation.

In 1996, the State filed a petition to revoke Cragg's probation. The petition alleged that Cragg had failed to report to his probation officer, and it additionally alleged that Cragg

had been found in possession of alcohol, cocaine, and drug paraphernalia. Cragg conceded that he had failed to report to his probation officer, but he contested the other allegations. In particular, Cragg asserted that any alcohol or drugs found in his house had been put there without his knowledge. Cragg explained that he had been living in a motel with his girlfriend, and that he had allowed a friend to use his residence while he was away. At the end of the adjudication hearing, Superior Court Judge Dale O. Curda found that the State had failed to prove the alcohol and drug allegations.

Because Cragg conceded the probation violation of failing to report, Judge Curda calendared a disposition hearing, and he directed the Department of Corrections to prepare an updated pre-sentence report for that hearing. In this updated report, Cragg's probation officer took the opportunity to express her disagreement with Judge Curda's adjudication of the alcohol and drug allegations. She declared that Cragg's account of how the alcohol and drugs had come to be in his house was "less than believable", and she asserted that Cragg's failure to report "may have been [an attempt] to avoid detection for marijuana, cocaine, and/or alcohol consumption and possession".

Cragg objected to the inclusion of these assertions and allegations in the pre-sentence report, and he asked Judge Curda to strike them from the report. Cragg pointed out that his probation officer was essentially saying that he was guilty of the other alleged probation violations, even after those allegations were litigated and resolved in Cragg's favor (that is, the superior court found that the State had failed to prove the allegations). The State responded that the pre-sentence report did not need to be amended because the probation officer was merely giving her personal opinion of the facts—an opinion that the court was free to ignore.

Judge Curda declined to strike the disputed portions of the pre-sentence report. He

found that, in the main, the probation officer had merely summarized the series of events that had brought Cragg to court. Although the pre-sentence report contained the probation officer's opinion about those events, the report also acknowledged that the court had ruled against the State on the allegations of drug and alcohol possession. Because Cragg was free to offer argument concerning how much deference should be given to the probation officer's evaluation of the facts, Judge Curda concluded that there was no need to delete the portions of the report that contained that evaluation.

*The court was under a duty to strike the contested, unproved allegations from the pre-sentence report.*

The Alaska Supreme Court has repeatedly indicated that only verified allegations of misconduct should remain in a defendant's pre-sentence report.[2] Because pre-sentence reports often "follow the defendant long past the sentencing hearing", care must be taken to ensure that the reports are as accurate as possible.[3] This policy is now codified in Alaska Criminal Rules 32.1 and 32.2.

Under Criminal Rule 32.1(d)(1)(B), both the State and the defendant are called upon to say whether they object to any information in the pre-sentence report. When an objection is made, the sentencing judge must determine, either at a pre-sentencing hearing or at the sentencing hearing itself, whether the challenged factual assertion has been properly proved.[4] When the sentencing judge concludes either that an assertion of fact is not based on sufficiently verified information, or (if based on verified information) that it has not been proved to the applicable standard of proof, then the judge is to strike the assertion from the final version of the pre-sentence report.[5]

In Cragg's case, the pre-sentence report contained the probation officer's assertions that Cragg had violated his probation

---

2. *See Nukapigak v. State,* 562 P.2d 697, 701 (Alaska 1977); *Thurlkill v. State,* 551 P.2d 541, 544 (Alaska 1976).

3. *Thurlkill,* 551 P.2d at 544.

4. Criminal Rule 32.1(e); Criminal Rule 32.2(a)(2)(C).

5. Criminal Rule 32.1(e); Criminal Rule 32.2(a)(3).

by possessing alcohol and drugs. These matters had already been litigated and resolved in Cragg's favor. Because Judge Curda found that the State had failed to prove its allegations that Cragg possessed alcohol and drugs, and because Cragg objected to the probation officer's contrary assertions, Judge Curda was required under Criminal Rule 32.2(a)(3) to strike the unproved allegations from the pre-sentence report. This is true even if the judge concluded that he should or would disregard these allegations when he sentenced Cragg for the probation violation of failing to report. Under Rule 32.2(a)(3), a sentencing judge's duty to strike controverted allegations from the pre-sentence report extends not only to "[a]llegations that the judge finds are not established" but also to allegations "that the judge determine[s] will not be considered".

We therefore conclude that Cragg's case must be remanded to the superior court with directions to delete the unproved allegations from the existing pre-sentence report, thus creating an expurgated version of the report which will be designated as the "approved version" under Criminal Rule 32.2(a)(3).

We now turn to Cragg's attack on his sentence. As noted above, Cragg was originally sentenced to 3 years' imprisonment with 2 years suspended. At the probation disposition hearing, Judge Curda imposed 6 months of the previously suspended 2 years.

Thus, Cragg's composite time to serve is now 18 months.

■ When this court hears a sentence appeal from the revocation of a defendant's probation, we assess whether the defendant's new total time to serve is "clearly mistaken" in light of the totality of the circumstances, including the defendant's conduct since the time of the original sentencing.[6] However, Cragg's total time to serve is only 18 months. Because Cragg's composite felony sentence does not exceed 2 years to serve, Cragg has no right to appeal this sentence, and this court has no jurisdiction to consider Cragg's claim that his sentence is excessive.[7] Cragg may, however, seek discretionary review of his sentence from the supreme court under Appellate Rule 215(a)(2).

We REMAND this case to the superior court for amendment of Cragg's pre-sentence report under Criminal Rule 32.2(a)(3). And, having decided the issue in this appeal that lies within our jurisdiction, we now REFER the sentencing portion of Cragg's case to the supreme court under Appellate Rule 215(k).

---

6. *See e.g., DeMario v. State,* 933 P.2d 558, 562 (Alaska App.1997); *Evenson v. State,* 894 P.2d 681, 683 (Alaska App.1995).

7. *See* AS 12.55.120(a); AS 22.07.020(b).