**Dennis DAVISON, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–10228.

Court of Appeals of Alaska.

July 26, 2013.

Daniel Bair, Assistant Public Advocate, and Rachel Levitt, Public Advocate, Anchorage, for the Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for the Appellee.

Before: MANNHEIMER, Chief Judge, ALLARD, Judge, and BOLGER, Supreme Court Justice.*

### OPINION

Judge ALLARD.

Following a jury trial, Dennis Davison was convicted of sexually assaulting his fourteen-year-old daughter, R.D., based on penile penetration. Davison was acquitted of related sexual assault charges based on oral and digital penetration.

Davison's presentence report contained R.D.'s hearsay statements to the doctor who performed the sexual assault response team (SART) examination of R.D. The doctor stated that R.D. told her that Davison put his penis inside her vagina and that Davison also "inserted his fingers into her vagina and put his tongue on her vagina." At sentencing, Davison moved to strike the statements

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution and Administrative Rule 24(d).

about oral and digital penetration because he was acquitted of those charges.

The superior court denied the motion to strike. Because it appears that the presentence report procedures under Alaska Criminal Rule 35.1(f)(5) were not followed in this case, and that the superior court has not yet resolved whether the allegations of oral and digital penetration are true, untrue, or irrelevant, we remand Davison's case to the superior court for further findings.

*Factual background and prior proceedings*

On March 10, 2007, Dennis Davison's wife returned from a short trip. R.D. told her mother that her father had sexually assaulted her while she was away. R.D.'s mother contacted the village physician's assistant, who in turn contacted the Alaska State Troopers. R.D.'s mother told the troopers what R.D. had told her. R.D.'s mother then took R.D. to the village health clinic, where she received basic medical attention.

The following day, the troopers arranged for R.D. and her mother to fly to Nome for a SART examination. Present at the exam was a doctor, a nurse, the investigating trooper, and an advocate from the Bering Sea Women's Group. R.D. had difficulty answering any questions about the sexual assault, often responding with silence. The trooper told the doctor what the trooper had learned from R.D.'s mother. The doctor then asked R.D. if the trooper's version was "pretty much on target?" and R.D. responded, "Yeah." The doctor then asked R.D. a series of detailed yes-or-no questions about the sexual assault. Many of her responses were indiscernible.

Davison was charged with three counts of first-degree sexual assault, three counts of first-degree sexual abuse of a minor, and three counts of incest, based on three distinct acts of penile, digital, and oral penetration.

At trial, R.D. testified only to penile penetration. R.D. affirmed that she told the SART doctor that Davison "put his penis inside [her]," and that this was a true state-

ment. She testified that she did not remember if she told the doctor that Davison had orally or digitally penetrated her. R.D. was not asked whether these sexual acts occurred.

Over Davison's objection, the SART doctor was allowed to testify that R.D. told her that Davison penetrated her vagina with his penis and that she also stated that he "inserted his fingers into her vagina and put his tongue on her vagina." Superior Court Judge Ben Esch ruled that these statements were admissible under Alaska Evidence Rule 803(4), the hearsay exception for statements made for the purpose of medical treatment.

The jury convicted Davison of one count each of sexual assault, sexual abuse of a minor, and incest, each based on penile penetration. The jury acquitted Davison of the charges based on digital and oral penetration.

The presentence report included a summary of the SART exam, including R.D.'s hearsay statements to the SART doctor. Davison moved to strike the statement regarding digital and oral penetration because he had been acquitted of those charges. The court declined to redact the statement from the presentence report, stating that the report was merely "summarizing" the information from the trooper reports and grand jury transcripts.

Following his sentencing, Davison appealed his conviction, arguing that the trial court erred in admitting R.D.'s hearsay statements to the doctor and in refusing to strike the statements from the presentence report. This Court affirmed the superior court's rulings.[1]

The Alaska Supreme Court granted Davison's petition for hearing and held that it was error (albeit harmless error) to admit R.D.'s hearsay statements under Evidence Rule 803(4) because R.D.'s SART examination was conducted primarily to gather evidence against Davison, and not for purposes of medical treatment.[2] The supreme court then

---

1. *Davison v. State*, Mem. Op. & J. No. 5589, 2010 WL 1729170, at *2–*4 (Alaska App. Apr.28, 2010) *aff'd and remanded*, 282 P.3d 1262 (Alaska 2012) (hereinafter *Davison I*).

2. *Davison v. State*, 282 P.3d 1262, 1267–70 (Alaska 2012), *reh'g denied* (Aug. 30, 2012) (hereinafter *Davison II*).

remanded Davison's case to this Court for reconsideration of whether R.D.'s hearsay statements to the SART doctor alleging oral and digital penetration should have been struck from the presentence report.[3]

*Why we conclude that a remand to the superior court is needed*

 As both this Court and the Alaska Supreme Court have recognized, "care must be taken to ensure that [presentence] reports are as accurate as possible."[4] Originally designed to assist the trial court in sentencing a defendant, these reports now follow a defendant through parole and probation and are often used in legal proceedings far removed from the original sentencing.[5] The version of events contained in the presentence report often becomes the "official version" of the defendant's crime, and future decisions (including sex offender treatment decisions) are sometimes made in direct reliance on the factual accuracy of the report.

Alaska Criminal Rules 32.1 and 32.2 govern the preparation and litigation of presentence reports. Under Criminal Rule 32.1(d)(5), the defendant must provide notice of any objections to the information contained in the presentence report. If the objection is to the factual accuracy of the information, the defendant must include an offer of proof explaining "any information upon which the defendant intends to rely to refute the objected-to information."[6]

Criminal Rule 32.1(f)(5) requires the trial court to take action regarding any disputed factual assertions in the presentence report. If the trial court "concludes either that an assertion of fact is not based on sufficiently verified information, or (if based on verified information) that it has not been proved," then the court must delete the assertion from the report.[7] "Any assertion that has been proved only in part shall be modified in the report."[8]

 If the sentencing judge "determines that the disputed assertion is not relevant to its sentencing decision so that resolution of the dispute is not warranted, the court shall delete the assertion from the report without making any findings."[9] As this Court noted in *Cragg v. State*, a sentencing judge's duty to strike controverted allegations from the presentence report extends not only to " '[a]llegations that the judge finds are not established' but also to allegations 'that the judge determine[s] will not be considered.' "[10]

Here, the presentence report contained R.D.'s hearsay statements to the SART doctor alleging that Davison had engaged in oral and digital penetration of R.D. in addition to the penile penetration for which he was convicted. Davison objected to these statements on the ground that the jury had acquitted him of those charges.

In our original decision, we emphasized that the acquittals did not establish that Davison was factually innocent of these allegations; all they established was that the State had failed to prove the allegations beyond a reasonable doubt.[11] We noted that Davison had never taken the stand and made a testimonial denial of these allegations—a statement which implied that, without such a testimonial denial, the trial court was entitled to

---

3. *Id.*

4. *Cragg v. State*, 957 P.2d 1365, 1367–68 (Alaska App.1998); *see also Thurlkill v. State*, 551 P.2d 541, 544 (Alaska 1976).

5. *Thurlkill*, 551 P.2d at 544.

6. Alaska R.Crim. P. 32.1(d)(5).

7. *Cragg*, 957 P.2d at 1367; Alaska R.Crim. P. 32.1(f)(5).

8. Alaska R.Crim. P. 32.1(f)(5).

9. *Id.; see also Christian v. State*, 276 P.3d 479, 483–484 (Alaska App.2012) (sentencing judge has a duty to delete contested unproved factual allegations from the presentence report even if the judge disregarded those allegations when he sentenced the defendant); *Cleveland v. State*, 258 P.3d 878, 886 (Alaska App.2011) (when the defendant raises a genuine dispute about facts in a presentence report, and the judge decides not to resolve that dispute because the facts are not relevant to the sentencing decision, the judge must delete the factual assertions from the report).

10. 957 P.2d at 1367–68 (quoting former Criminal Rule 32.2(a)(3), now incorporated into Criminal Rule 32.1(f)(5)).

11. *Davison I*, 2010 WL 1729170 at *5.

rely on the truth of these statements for inclusion in the presentence report.

◼ But as our recent decision in *Cleveland v. State*[12] clarifies, a testimonial denial is not always required to trigger the procedural protections of Criminal Rule 32.1(f)(5). A defendant can raise a genuine factual dispute through other evidentiary means, including trial testimony casting doubt on the assertions of the presentence report.[13]

In *Cleveland,* the defendant was convicted of several crimes committed against one victim, M.J., but acquitted of the charges against a second victim, V.B.[14] The presentence report contained a detailed statement V.B. gave to the police alleging that Cleveland committed crimes against her.[15] Cleveland objected to this portion of the presentence report on the ground that she had been acquitted of these charges.[16] The trial judge stated that he would not rely on these statements in sentencing Cleveland, but declined to strike the material from the report.[17]

On appeal, we found that Cleveland's reliance on the trial testimony that led to the jury's acquittals on the V.B. charges was the equivalent of an offer of proof based on a testimonial denial.[18] We noted that "[w]hen the defendant makes an offer of proof that is adequate to raise a genuine dispute, a sentencing judge must take the action required by Rule 32.1(f)."[19] We therefore remanded the case to the trial court to "determine whether V.B.'s police statement is true, not true, or irrelevant," and to take the appropriate action under Rule 32.1(f)(5).[20]

◼ Here, as in *Cleveland,* Davison raised a genuine factual dispute about whether any oral or digital penetration occurred by pointing to the evidence at trial that led to his acquittal on those charges—in particular, R.D.'s failure to assert at trial that those acts occurred. The trial court was therefore obli-

gated to enter findings under Criminal Rule 35.1(f)(5) as to whether these allegations were true, untrue, or irrelevant. Because it is unclear which of these findings the trial court made, if any, we remand Davison's case to the superior court for further proceedings consistent with this decision.

*Conclusion*

We REMAND the case to the superior court to clarify its ruling regarding the presentence report. On remand, the superior court should determine whether R.D.'s hearsay statements alleging oral and digital penetration are true, untrue, or irrelevant. If the disputed allegations are found to be either irrelevant to the sentencing decision or untrue, the statements shall be struck from the presentence report and the court shall issue a corrected copy of the presentence report under Criminal Rule 32.1(f)(5).